IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ROWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-9227-JWL-TJJ |
| ) | |
| SUNFLOWER ELECTRIC ) | |
| POWER CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Strike Exhibit Attached to Amended Complaint (ECF No. 32) filed by Defendants Sunflower Electric Power Corporation, Sunflower Electric Holdings, Inc., and Mid-Kansas Electric Company, LLC ("Electric Defendants"). In their motion, the Electric Defendants move pursuant to Fed. R. Civ. P. 12(f) to strike Exhibit A to Plaintiff's First Amended Complaint because the photographs contained in the exhibit are immaterial and cannot be validated or authenticated.[1] Exhibit A contains 32 photographs which depict some of the electrical burns that Plaintiff sustained. Plaintiff opposes the motion, arguing that the photographs are intended as assertions of fact and are therefore properly included in his First Amended Complaint. Upon consideration of the matter, the Court concludes that the motion should be granted.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2]

---

[1] *See* ECF No. 29 at 13-45.

[2] Fed. R. Civ. P. 12(f).

1

Motions to strike generally are disfavored,[3] but the decision to grant such motion is within the court's discretion.[4]   Most of the remaining legal standards applicable to motions to strike apply specifically to allegations in a pleading; as such, they are not helpful in the Court's review of a motion to strike photographs which are attached to a pleading.[5]

The Electric Defendants argue that the photographs should be stricken because they are immaterial.[6]   For purposes of ruling on a motion to strike, "immaterial" matter is defined as that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material.[7]   In *Nkemakolam v. St. John's Military School*,[8] Judge Lungstrum considered whether photographs and x-rays attached to the plaintiff's complaint were material.   In so doing, he surveyed the law and reported that other courts have concluded that the Federal Rules of Civil Procedure do not contemplate the attachment of exhibits, such as photographs, that are not written instruments.[9]   The applicable Rules include the following:

---

[3] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

[4] *Resolution Trust Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992).

[5] *E.g.,* "The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."   *Nwakpuda*, 14 F. Supp. 2d at 1215.

[6] The Electric Defendants also assert that the photographs should be stricken because they "have no means for authentication or ways to test foundation or validity."   ECF No. 32 at 1.   Rule 12(f) does not include an evidentiary objection as a basis for striking parts of a pleading.   A party need not provide foundation for a pleading, which is not in evidence, and the Court therefore rejects this argument.

[7] *Dean v. Gillette,* No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (citations omitted).

[8] 876 F. Supp. 2d 1240, 1245-47 (D. Kan. 2012).

[9] *Id.* at 1247.

> The Rules consistently describe pleadings as containing "statements" and "allegations," *see* Fed. R. Civ. P. 8, 9, and such language does not contemplate photographs or other objects. *See Cabot v. Wal-Mart Stores, Inc.*, 2012 WL 1378529, at *2-3, *7 (D.N.M. April 10, 2012). Rule 10, which is titled "Form of Pleadings," addresses exhibits to pleadings as follows: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."[10]

In *Nkemakolam*, an action asserting claims against a school for mistreatment of students, plaintiffs attached to their complaint a copy of an x-ray showing a broken bone suffered by one plaintiff, and a copy of a photograph of another plaintiff bound by tape.[11] Defendant moved to strike the exhibits as scandalous and immaterial. Judge Lungstrum rejected the argument that the exhibits were scandalous, but granted the motion to strike the exhibits as immaterial, finding that plaintiffs intended them as evidence to support specific factual allegations. "They are not 'written instruments' and thus are not the types of exhibit contemplated by Rule 10 as proper attachments to a pleading. Accordingly, the exhibits are immaterial, and the Court orders them stricken for that reason."[12]

In this case, Plaintiff attached and incorporated by reference 32 graphic photos of some of the electrical burns that Mr. Rowan sustained. In the body of the First Amended Complaint, the description of the injuries he sustained is likewise vivid. The purpose of the complaint is not to prove a plaintiff's case, but to state a clear, plausible claim for relief which places defendant on notice. Plaintiff's First Amended Complaint appears to have accomplished its purpose. The photographs do not add to the substance of the complaint, and are therefore immaterial.

---

[10] *Id.* at 1246-47.

[11] *Id.* at 1245.

[12] *Id.* at 1247.

Accordingly, the Court strikes Exhibit A from the First Amended Complaint.

IT IS THEREFORE ORDERED that the Motion to Strike Exhibit Attached to Amended Complaint (ECF No. 32) is hereby GRANTED.   The Clerk is directed to remove pages 13-45 of Plaintiff's First Amended Complaint (ECF No. 29).[13]

IT IS SO ORDERED.

Dated December 4, 2015, at Kansas City, Kansas.

*s/   Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[13] Plaintiff shall not include the photographs in Exhibit A in any future amended complaints.