# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ROWAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-09227-JWL-TJJ |
| | ) |
| SUNFLOWER ELECTRIC POWER CORPORATION, | ) |
| SUNFLOWER ELECTRIC HOLDINGS, INC., | ) |
| MID-KANSAS ELECTRIC COMPANY, LLC, | ) |
| POWER TESTING AND ENERGIZATION, INC. AND | ) |
| POWER CONSTRUCTION, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT POWER CONSTRUCTORS, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Plaintiff, Michael Rowan, responds to Defendant Power Constructors, Inc.'s First Set of Requests for Production as follows:

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Produce all documents used or referred to in answering Power Constructors, Inc.'s First Set of Interrogatories to Plaintiff.

**RESPONSE: Plaintiff provided Power with documents responsive to Power's Request No. 1 on December 2, 2015 and December 15, 2015 via email as part of Plaintiff's initial disclosures. The responsive documents can be located at R000001-R000239; R000322-R000625; WOC000001-WOC000015; MLMH000001-MLMH000032; LT000001-LT000009; KSC-WAS000001-KCS-WAS000112; ROB000001-ROB000019; STC000001-STC000091; VIA000001-VIA000638. . Additionally, Plaintiff provided Power with contracts relevant to the project at issue via email on December 17, 2015 and have been attached to these responses. Such documents can be located at R000625-R000690. Further, discovery is ongoing and Plaintiff will supplement his response to Power's Request No. 1 to the extent any additional responsive documents are found.**

**REQUEST NO. 2:** Produce all documents that refer or relate to the events described in your First Amended Complaint.

**RESPONSE:  Plaintiff objects to Power's Request No. 2 as it invades the attorney client privilege and work product doctrine as some documents used to describe the events in the First Amended Complaint include privileged information and counsel's mental impressions. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), to the extent they may exist, Plaintiff has not produced all documents responsive to Power's Request No. 2 based on this objection.**

**REQUEST NO. 3:** Produce copies of all documents that relate, refer to, or concern Power Testing & Energization, Inc. and/or Power Constructor Inc.'s alleged work relating to any of the events described in your First Amended Complaint.

**RESPONSE: Plaintiff objects to Power's Request No. 3 as it invades the attorney client privilege and work product doctrine as some documents used to describe the events in the First Amended Complaint include privileged information and counsel's mental impressions. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), to the extent they may exist, Plaintiff has not produced all documents responsive to Power's Request No. 3 based on this objection.**

**REQUEST NO. 4:**   Produce all documents identified by you in your Initial Disclosures pursuant to FRCP 26(a)(1)(A).

**RESPONSE:  Plaintiff provided Power with non-confidential documents identified in his initial disclosures on December 3, 2015 via email.  Those documents can be located at R000001-R000239.  Further, Plaintiff provided Power with the remaining documents disclosed in his initial disclosures on December 15, 2015, via email.  These documents can be located at R000322-R000625; WOC000001-WOC000015; MLMH000001-MLMH000032; LT000001-LT000009;   KSC-WAS000001-KCS-WAS000112;   ROB000001-ROB000019; STC000001-STC000091; VIA000001-VIA000638.**

**REQUEST NO. 5:**   Produce all documents that you produce or provide in response to a document request by any other party in this action.

**RESPONSE: Plaintiff has received no additional document requests from any other party in this action to date and thus has no documents responsive to Power's Request No. 5. However, discovery is ongoing and Plaintiff will supplement his response to Power's Request No. 5 to the extent any additional responsive documents are found.**

**REQUEST NO. 6:** Produce all documents that you receive pursuant to a subpoena issued in this action by you to any non-party.

**RESPONSE:  Plaintiff has not received any documents as a result of subpoenas issued to date and thus has no documents responsive to Power's Request No. 6.  However, discovery is ongoing and Plaintiff will supplement his response to Power's Request No. 6 to the extent any additional responsive documents are found.**

**REQUEST NO. 7:**  Produce copies of all proposals, contracts, agreements, and task orders regarding any of the events described in your First Amended Complaint.

**RESPONSE:  Plaintiff provided Power with all contracts in his possession on December 17, 2015 via email.  However, such documents will also be provided along with these responses and can be located at R000625-R000690.  Discovery is ongoing and Plaintiff will supplement its response to Power's Request No. 7 to the extent any additional responsive documents are found.**

**REQUEST NO. 8:** Produce all documents you contend support your claims and allegations in this lawsuit.

**RESPONSE: Plaintiff provided Power with all discoverable and non-confidential documents identified in his initial disclosures on December 3, 2015 via email.  Those documents can be located at R000001-R000239.  Further, Plaintiff provided Power with the remaining documents disclosed in his initial disclosures on December 15, 2015, via email.  These documents can be located at R000322-R000625; WOC000001-WOC000015; MLMH000001-MLMH000032; LT000001-LT000009; KSC-WAS000001-KCS-WAS000112; ROB000001-ROB000019; STC000001-STC000091; VIA000001-VIA000638.  Additionally, Plaintiff provided Power with all contracts in his possession on December 17, 2015 via email and attaches the contracts to his responses. These documents can be located at R000625-R000690.  Discovery is ongoing and Plaintiff will supplement his response to Power's Request No. 8 to the extent any additional responsive documents are found.**

**REQUEST NO. 9:** Produce all documents which you received from any Defendant in this lawsuit.

**RESPONSE: Plaintiff received numerous documents from the Sunflower Defendants' counsel on December 14, 2015 and December 15, 2015.  It is Plaintiff's understanding that the identified documents have already been provided to Power, but in an abundance of caution, Plaintiff will provide any responsive documents in his possession.  These documents can be located in a folder entitled "Sunflower Documents."  Further, Plaintiff provided Power with all contracts in his possession, which were provided by the Sunflower Defendants, on December 17, 2015 via email and attaches the contracts to his responses. These documents can be located at R000625-R000690.**

3

**REQUEST NO. 10:** Produce all documents that relate to your work described in the First Amended Complaint, including without limitation, work orders, invoices, logs, plans, drawings, specifications, proposals, daily reports, photos, notes, emails, text messages, electronic messaging, or other documents.

**RESPONSE: Plaintiff objects to Power's Request No. 10 on the grounds that the request is overly broad, unduly burdensome and not limited in scope as there is no limitation as to the subject matter of the emails, texts messages and electronic messaging requested. Plaintiff further objects to Power's Request No. 10 as being irrelevant to the extent it requests communications not regarding the project at issue. Those personal communications requested that may have been sent during Plaintiff's employment with Track are irrelevant and the disclosure of such would not be reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to Power's Request No. 10 to the extent it seeks documents protected by attorney client privilege or the work product doctrine. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), to the extent they may exist, Plaintiff has not produced all documents responsive to Power's Request No. 10 based on this objection.**

**REQUEST NO. 11:** Produce a copy of any drawings, photos, chart, diagram, videos, or similar electronic recordings of any of the events described in the First Amended Complaint, including, but not limited to, any such materials that document your alleged injuries or the place the injuries occurred.

**RESPONSE: Plaintiff objects to Request No. 11 to the extent it request documents protected by attorney client privilege and the work product doctrine. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), to the extent they may exist, Plaintiff has not produced all documents responsive to Power's Request No. 11 based on this objection.**

**REQUEST NO. 12:** Please produce copies of all documents related to any accidents, violations, tickets, fines, infractions, reprimands, suspensions or other incidents concerning the events underlying your First Amended Complaint.

**RESPONSE:  Plaintiff objects to Power's Request No. 12 as it is ambiguous, overly broad and not limited in time.  Requesting "all documents" is overly broad without any qualifying language following such a request.  Further the request is ambiguous as to what is actually being requested and for what time period Plaintiff is supposed to disclose the requested documents.  The request is irrelevant to the extent it is requesting accidents etc from prior to the incident at issue. As Plaintiff is unclear exactly what is being requested, he has not withheld any documents that could be responsive as he is unclear what documents could possibly be responsive.**

4

**REQUEST NO. 13:** Produce all documents which evidence any witness statements taken by you or your representatives related to this litigation or the underlying events, including without limitation, any statements by any present or former employee or representative of Power Testing & Energization, Inc. and/or Power Constructor Inc.  For any such statement that you claim is protected from discovery by the work product doctrine or the attorney/client privilege, describe the statement in sufficient detail for the court to determine whether the statement is entitled to the claimed privilege.

**RESPONSE: Plaintiff objects to Power's Request No. 13 as it includes words not defined and requests documents that are attorney work product.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Plaintiff has not produced all documents responsive to Power's Request No. 13 based on this objection.  A privilege log will be provided to protect Plaintiff from waiving its objection to Power's Request No. 13 and to allow the Court to determine whether the document is entitled to privilege.**

**REQUEST NO. 14:** Produce all documents evidencing or relating to any conduct on the part of Power Testing & Energization, Inc. and/or Power Constructor Inc. which you contend resulted in the damages alleged in your Petition.

**RESPONSE: Plaintiff provided Power with contracts, which are responsive to Request No. 14, on December 17, 2015 via email and is attached to these responses. The contracts can be located at R000625-R000690.  Plaintiff provided Power with a transcript of an interview with James Stovall, which is responsive to Request No. 14 on December 3, 2015 via email and can be located at R000211-R000233. Plaintiff provided Power with medical records, which may be responsive to this request, on December 15, 2015, via email.  These documents can be located at R000322-R000625; WOC000001-WOC000015; MLMH000001-MLMH000032; LT000001-LT000009;   KSC-WAS000001-KCS-WAS000112;   ROB000001-ROB000019; STC000001-STC000091; VIA000001-VIA000638.  Plaintiff provided Power with photos of himself prior to, during and after the incident, which may be responsive to this request and can be located at R000019-R000130.  The 1997 National Electrical Safety Code which Power has equal access to by contacting the Kansas Corporation Commission.  All bids submitted by sub-contractors, including Track, which are already in Power's possession.  Discovery is ongoing. Plaintiff will supplement his response to Power's Request No. 14 to the extent any responsive documents are found.**

5

**REQUEST NO. 15:** Produce all documents evidencing or relating to your employment with any employer within the past five (5) years, including but not limited to your employment with Track Utility, LLC, including, contracts, employee handbooks, training materials, pay stubs, paychecks, W-2's, or other similar materials related to your employment.

**RESPONSE:  Discovery is ongoing. Plaintiff is working to identify whether he has or can obtain any documents responsive to Power's Request No. 15.  Plaintiff will supplement his response to Power's Request No. 15 to the extent any responsive documents are found.**

**REQUEST NO. 16:** Produce all documents concerning all health related insurance policy(ies) that you have or have had during the past five years.

**RESPONSE:  Discovery is ongoing. Plaintiff is working to identify whether he has or can obtain any documents responsive to Power's Request No. 16.  Plaintiff will supplement his response to Power's Request No. 16 to the extent any responsive documents are found.**

**REQUEST NO. 17:** Produce all documents evidencing or relating to any damages you are claiming in this lawsuit.

**RESPONSE:   Plaintiff provided Power with documents responsive to Power's Request No. 17 on December 2, 2015 and December 15, 2015 via email as part of Plaintiff's initial disclosures.  The responsive documents can be located at R000001-R000239; R000322-R000625; WOC000001-WOC000015; MLMH000001-MLMH000032; LT000001-LT000009; KSC-WAS000001-KCS-WAS000112;  ROB000001-ROB000019;  STC000001-STC000091; VIA000001-VIA000638. . Additionally, Plaintiff provided Power with contracts relevant to the project at issue via email on December 17, 2015 which can be located at R000625-R000690.  Plaintiff will provide expert report(s) regarding damages pursuant to the Court's scheduling order.  Plaintiff will supplement his response to Power's Request No. 17 to the extent any additional responsive documents are found.**

**REQUEST NO. 18:** Produce all documents evidencing or relating to any medical services, including, but not limited to, bills, invoices, medical logs, medical charts, medical records, related to any medical care that you have received in the past ten (10) years.

**RESPONSE: Plaintiff provided Power with documents responsive to Power's Request No. 18 on December 15, 2015 via email as part of Plaintiff's initial disclosures.  The responsive documents can be located at WOC000001-WOC000015; MLMH000001-MLMH000032; LT000001-LT000009;  KSC-WAS000001-KCS-WAS000112;  ROB000001-ROB000019; STC000001-STC000091; VIA000001-VIA000638.  Attached is a medical release for Power to obtain any documents not currently in Plaintiff's possession that is responsive to this request, however, Plaintiff requests copy of all medical records obtained with the attached release.  Further, Plaintiff is working to compile a list of medical professionals that he can**

remember seeing in the last ten (10) years and will provide to Power once complete.  Further, Plaintiff will supplement his response to Power's Request No. 18 to the extent any additional responsive documents are obtained.

**REQUEST NO. 19:** Produce all documents evidencing or relating to any medical services, including, but not limited to, bills, invoices, medical logs, medical charts, medical records, related to any medical care that you have received as a result of the events alleged in your First Amended Complaint.

**RESPONSE: Plaintiff objects to Power's Request No. 19 as duplicative to its Request No. 18 as the events alleged in the First Amended Complaint occurred in the past ten (10) years.**

**REQUEST NO. 20:** Please execute and return the attached medical records authorization for each of your medical providers.

**RESPONSE:  No release was provided with these requests. To the extent Power provides the release Plaintiff will execute it.**

**REQUEST NO. 21:** Produce any and all investigative reports, statements, documents, and communications sent to or received from the police department, fire department, OSHA, or other governmental entity regarding the occurrence in question.

**RESPONSE:   Plaintiff provided Power a copy of the OSHA report on December 15, 2015 via email and such documents can be located at R000322-R000625.  Plaintiff provided Power with Track's accident investigation on December 3, 2015 via email and such documents can be located at R000234-R000239. Any other documents responsive to Power's request are provided in response to Power's Request No. 9 or were provided by Power.**

**REQUEST NO. 22:** Produce any and all reports prepared by any expert witness plaintiff anticipate will be testifying at the trial of this matter.

**RESPONSE: Plaintiff objects to Power's Request No. 22 as being premature.  Plaintiff will disclose expert report(s) in accordance with the deadlines set in the Court's scheduling order.**

**REQUEST NO. 23:** Produce all communications and documents sent to or received from any of Plaintiff's expert consultants related to this litigation.

**RESPONSE:  Plaintiff objects to Power's Request No. 23 as requesting documents protected by the work product doctrine and Fed. R. Civ. P. 26(b)(4)(C).  Further, the request is premature as the expert information is not required to be disclosed until May 2, 2016.**

**REQUEST NO. 24:** A photocopy of the Plaintiff's driver's license for any state in which he has been licensed in the past five (5) years.

**RESPONSE: Discovery is ongoing. Plaintiff is working to identify whether he has or can obtain any documents responsive to Power's Request No. 24. Plaintiff will supplement his response to Power's Request No. 24 to the extent any responsive documents are found.**

**REQUEST NO. 25:** Produce all state and federal tax returns of Plaintiff, including all supporting schedules, submitted during the last five years.

**RESPONSE: Plaintiff is in the process of searching for his federal and state tax returns. If they can be located, Plaintiff will provide copies of the same.**

**REQUEST NO. 26:** Any financial statements, balance sheets or profit and loss statements relating to Plaintiff's financial condition prepared since 2010.

**RESPONSE: Discovery is ongoing. Plaintiff is working to identify whether he has or can obtain any documents responsive to Power's Request No. 26. Plaintiff will supplement his response to Power's Request No. 26 to the extent any responsive documents are found.**

**REQUEST NO. 27:** A copy of all cell phone records, text messages, emails, invoices or other documents which would evidence telephone calls or communications made or received by the Plaintiff during the seven days preceding and up to and including the date of the events referred to in your First Amended Complaint.

**RESPONSE: Plaintiff objects to Power's Request No. 27 on the grounds that the request is overly broad, unduly burdensome and not limited in time or scope as there is no limitation as to the subject matter of the conversations requested or how far prior to the accident Plaintiff must account for. Plaintiff further objects to Power's Request No. 27 as being irrelevant to the extent it requests communications not regarding the project at issue. Those personal communications requested prior to and the day of the incident are irrelevant and the disclosure of such would not be reasonably calculated to lead to the discovery of admissible evidence. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), to the extent they exist, Plaintiff has not produced all documents responsive to Power's Request No. 27 based on this objection.**

**REQUEST NO. 28:** Produce any accident reconstruction reports, investigative reports, after-action reports, or other reports concerning the events referred to in your First Amended Complaint.

**RESPONSE:   Plaintiff objects to Power's Request No. 28 as being duplicative.  All documents requested were previously requested herein.  Further, Power has equal access to the document being requested. As Request No. 28 includes no definitions of reports, Plaintiff is interpreting this to mean all reports drafted by Sunflower Defendants, Power defendants of an independent investigatigative agency.   To the extent Power's Request No. 28 is requesting reports outside of Plaintiff's assumption, Plaintiff objects to the extent such documents are protected by attorney client privilege or the work product doctrine.**

**REQUEST NO. 29:** Produce all settlement agreements with any party related to the events alleged in your First Amended Complaint, including, but not limited to, any agreements with your employer or its insurer.

**RESPONSE: Plaintiff objects to Power's Request No. 29 as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, the documents requested are inadmissible under Fed. R. Evid. 403.   Moreover, Power has equal access to the documents requested.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Plaintiff has not produced all documents responsive to Power's Request No. 29 based on this objection.**

**REQUEST NO. 30:** Produce all documents concerning any money, payments or reimbursements received by you from any party related to any of damages, missed work, or medical treatments received as a result of the events described in your First Amended Complaint.

**RESPONSE: Plaintiff objects to Power's Request No. 30 as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, the documents requested are inadmissible under Fed. R. Evid. 403.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Plaintiff has not produced all documents responsive to Power's Request No. 30 based on this objection.**

**REQUEST NO. 31:** Produce any and all written or recorded statements of persons with knowledge or relevant facts which relate to the events described in the First Amended Complaint.

**RESPONSE: Plaintiff objects to Power's Request No. 31 as being duplicative to Request No. 13.  Plaintiff objects to Power's Request No. 31 as it includes words not defined and requests documents that are attorney work product.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Plaintiff has not produced all documents responsive to Power's Request No. 31 based on this objection.**

**REQUEST NO. 32:** Produce all training and safety materials, videotapes, and other materials relating to safety related to work around electrical current or power lines:

    a. Provided to you by Track;

    b. Provided to you by any union or apprentice program;

    c. Obtained by you from any source prior to the occurrence for which you seek damages; and/or

    d. Provided to you by any other person or party prior to the occurrence for which you seek damages.

**Discovery is ongoing. Plaintiff is working to identify whether he has or can obtain any documents responsive to Power's Request No. 32.  Plaintiff will supplement his response to Power's Request No. 32 to the extent any responsive documents are found.**

                                          **/s/** Ken M. Peterson
                                          Ken M. Peterson #07499
                                          Nanette Turner Kalcik #24030
                                          Katherine J. Andrusak #25961
                                          300 N. Mead, Suite 200
                                          Wichita, KS 67202-2745
                                          Telephone: 316-262-2671
                                          Facsimile:  316-262-5991
                                          Email:  kpeterson@morrislaing.com
                                          Email: kandrusak@morrislaing.com
                                          Email: nkalcik@morrislaing.com
                                          *Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of December, 2015, a true and accurate copy of the foregoing was served upon the following counsel for Defendants by email to the following:

Gregory A. Lee, #09960
Kelly J. Trussell, #23161
COOPER & LEE, LLC
100 SE 9th St.
PO Box 1755
Topeka, KS 66601-1755
(785) 233-9988 phone
(785) 233-2232 fax
greg@jkcooperlaw.com
legal@jkcooperlaw.com

Mark D. Calcara, #09957
1321 Main - Suite 300
P.O. Drawer 1110
Great Bend, Kansas 67530
(620) 792-8231
mcalcara@sunflower.net
***Attorneys for Defendants, Sunflower Electric
Power Corporation, Sunflower Electric
Holdings, Inc. and Mid-Kansas Electric
Company, LLC***

Jason L. Buchanan
Thomas R. Buchanan
McDowell, Rice, Smith & Buchanan, PC
605 W. 47th St., Ste. 350
Kansas City, Missouri 64112
(816) 753-5400
tbuchanan@mcdowellrice.com
jb@mcdowellrice.com
***Attorneys for the Power Defendants***

                                                    /s/ Ken M. Peterson
                                        Ken M. Peterson, K.S.C. 07499