# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ROWAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-09227-JWL-TJJ |
| | ) |
| SUNFLOWER ELECTRIC POWER CORPORATION, | ) |
| SUNFLOWER ELECTRIC HOLDINGS, INC., | ) |
| MID-KANSAS ELECTRIC COMPANY, LLC, | ) |
| POWER TESTING AND ENERGIZATION, INC. AND | ) |
| POWER CONSTRUCTION, INC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT POWER CONSTRUCTORS, INC'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, Michael Rowan responds to Defendant Power Constructors, Inc.'s First Set of

Interrogatories as follows:

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:  Please identify yourself fully, giving your full name, age,
residence, business address, and occupation, and if married the name of your husband or wife.

**Michael L. Rowan,** ███████████████████████████ **Vancouver, WA 98685,
Electrician at Westside Electric located at Portland OR. I am married to Katerra Rowan.**

**INTERROGATORY NO. 2**:    Please describe the alleged occurrence in complete
chronological detail, stating everything that Plaintiff did and everything that happened to Plaintiff
from two hours immediately preceding the alleged occurrence up to and including the time of the
alleged occurrence, including instructions received, actions taken, equipment used, etc.

**On the day I was electrocuted, I suffered and continue to suffer short and long term
memory problems. I have no independent memory of what occurred two hours immediately
before I was electrocuted. After I was electrocuted, some coworkers have told me what
happened, but I still do not have an independent memory of the timeline you request.**

**INTERROGATORY NO. 3**:   Identify all written or recorded statements obtained regarding the events described in your First Amended Complaint obtained by you, your attorneys, your workers' compensation insurer, or any other person acting on your behalf, and for each such statement provide the full name and address of the person giving the statement, the date of the statement, whether it was written or recorded, whether such recording was with the knowledge of the person, and the custodian of the statement.

**Plaintiff objects to Power's Interrogatory No. 3 as it invades both attorney client privilege and work product doctrine as any interviews regarding this matter contain the thought process of counsel which is disclosed by the nature and previously prepared formation of the questions asked.  Further, as the work product doctrine was waived in one instance, Plaintiff's counsel provided Power with transcript of Stovall's interview in his initial disclosure of documents produced on December 3, 2015 via e-mail as document R000211-R000233. Additionally, Plaintiff's counsel provided Power with a transcript of an additional interview of Mr. Stovall on December 31, 2015, via email, as document R000691-000763.**

**INTERROGATORY NO. 4**:   Identify all persons present on the job site at any time the day of the alleged occurrence? For each person, state their names, job titles and employer, or if that information is unknown, please provide a physical description of the individual(s).

**I have no independent recollection of the individuals at the scene other than Randall Miller.  I remember asking Randall Miller about whether I was in a car accident and hearing his voice before the ambulance came and I was taken to the Emergency Room. However, all individuals I have been informed were at the job site at the time of the accident were identified in my initial disclosures produced to Power on December 1, 2015 via e-mail by my counsel.  Further, a comprehensive list of the Track crew and their positions was provided to Power with Plaintiff's initial document disclosure and can be located on page R000234.**

**INTERROGATORY NO. 5**: Other than persons identified in the previous interrogatory answer, please identify all other persons you claim have or may have knowledge concerning the alleged occurrence?  For each such person, state their name, address, job title, employer, and a description of the knowledge you claim they have.

**All persons I believe to have knowledge concerning the accident were identified in Plaintiff's initial disclosures produced to Power on December 1, 2015 via e-mail by my counsel and will be supplemented throughout the discovery process.**

**INTERROGATORY NO. 6**: Please give the substance of all communications between any employee of Track and Plaintiff on the day of and prior to the alleged occurrence.

**Plaintiff objects to Power's Interrogatory No. 6 on the grounds that the request is overly broad, unduly burdensome and not limited in time or scope as there is no limitation as to the subject matter of the conversations requested or how far prior to the accident Plaintiff must account for. Plaintiff further objects to Power's Interrogatory No. 6 as being irrelevant to the extent it requests communications not regarding the project at issue. Those personal communications requested prior to and the day of the incident are irrelevant and the disclosure of such would not be reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 7**: Please give the substance of all communications between any employee of Track (including Plaintiff) and any employee of the Defendants on the day of and prior to the alleged occurrence.

**Plaintiff objects to Power's Interrogatory No. 7 on the grounds that the request is overly broad, unduly burdensome and not limited in time or scope as there is no limitation as to the subject matter of the conversations requested or how far prior to the accident Plaintiff must account for. Plaintiff further objects to Power's Interrogatory No. 7 as being irrelevant to the extent it requests communications not regarding the project at issue. Those personal communications requested prior to and the day of the incident are irrelevant and the disclosure of such would not be reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 8**: Please describe everything Plaintiff or other Track employees did in an attempt to avoid any injury or damage the day of the occurrence.

**I have no independent recollection of any events that would be responsive to this request.**

**INTERROGATORY NO. 9**: Please state fully and in complete detail all that Power did or failed to do which in any way caused or contributed to cause the alleged occurrence.

**Power should have not allowed Track to be the subcontractor on the project at issue because Track was incompetent. Matt Cass and his supervisor were top flight and when those two were taken out of Track that made Track unsafe. Power should have had supervisors on the premises at all times to ensure the highline could be de-energized at any time we were working under it. I will rely on my attorneys' investigation to bring to light everything Power did or failed to do as my memory is not reliable due my injuries resulting from the occurrence.**

**INTERROGATORY NO. 10**: If you claim that the negligence of any other persons contributed to cause the alleged occurrence, please state their names and the manner in which they contributed to cause such occurrence.

**Plaintiff objects to Power's Interrogatory No. 10 as being premature. The deadline for disclosure for parties to designate comparative fault is January 26, 2016. To the extent not already provided, Plaintiff will disclose such information in accordance with the scheduling order.**

**INTERROGATORY NO. 11**:   Please describe all injuries, ailments or pains which Plaintiff Michael Rowan claims to have suffered as a result of the alleged occurrence, stating the party of your body so affected, the severity of such injuries, ailments or pains, and how long each lasted**.**

**The injuries, ailments or pains I have suffered as a result of being electrocuted include: I was in extreme pain and fogged out from the pain pills while in the hospital. Photos of my condition were provided to you and are numbered ROWAN000046-ROWAN000078. The fogginess from the pill lasted my entire hospitalization. I still have pain twenty four hours a day, seven days a week. I have trouble sleeping on a regular basis because of the pain. I take a pain pill every day.**

**The pain is from my feet to my head, and includes the following: Painful arches in feet, where electricity exit wounds still exist. Pain in my left hand where I have scars from the electrical burns. Additionally, I have pain in my left hand where my index finger was surgically removed because of the severe burn from the electrocution. I have both phantom pain as well as pain if I do not exercise this area. I have pain in my right hand where exit wounds exist from being electrocuted. This pain has been continuous since the incident. I have scars on my arms, the back of my legs and my butt that are irritating and noticeable on a daily basis. My right foot big toe hurts on a daily basis because of the scar tissue that has formed since the incident.  Although I had some back pain before I was electrocuted, my back pain is much worse. I have experienced back pain almost every day since the incident. Additionally, I have bad headaches from the back off my head to my temples. These headaches feel like a dull pain. I get these headaches on a weekly basis. I have daily jaw pain which effects my ability to fully move my jaw on a daily basis.  My jaw is very tight from the surgeries.**

**In addition to my physical injuries, I have a shorter temper than I used to. I get easily frustrated by minor things that used to roll off my back and not affect me.  I can no longer do what I just to be able to do.  For example, my ability to cope with everyday tasks and issues has changed. Things that used to be easy for me to do are no longer easy. This frustrates me which then causes me to lose my temper quicker than I used to. For example, prior to the accident I was a control freak about traveling. I would book the flights, check**

**the bags and make sure we were organized and everything that needed to get done got done. I can no longer handle that. I no longer have a propensity for being organized and get easily overwhelmed handling matters that involve a lot of planning and organization, like traveling, which was something I could have easily handled prior to the incident. Additionally, because I am unable to sleep through the night, due to my pain, I am continuously moody. I have issues with my memory. I still have no independent recollection of the events leading up to the incident and have very foggy memories of my hospitalization. I can no longer remember things I had known for most of my life, like my parent's birthdays, and I have issues making short term memories. My wife and I can have a discussion in the morning and when I come home from work I will not remember anything we discussed. I rarely had a problem with my memory prior to the incident.**

**These changes in my personality have caused friction in my marriage. My wife now has to take on those daily tasks I can no longer take on. Sexual relations with my wife have drastically changes after the incident due to the pain I am in and the change in my personality. I now have minor panic attacks. These occur about every other week. They are caused by minor stresses at work that would have never affected me prior to the incident. The only person who can calm me down is my wife.**

**Further, my counsel provided Power with all medical records in their possession regarding my injuries from the accident. Those documents were provided on December 15, 2015 via email. Those documents can be located at VIA000001-VIA000638, STC000001-STC000091, ROB000001-ROB000019, KSC-WAS000001-KCS-WAS000112, LT000001-LT000009, MLMH000001-MLMH000032 and WOC000001-WOC000015. I will further rely on expert report(s) regarding the continuing severity of my injuries which will be disclosed in accordance with the court's scheduling order.**

**INTERROGATORY NO. 12**: Please state each date on which you were examined or treated by any doctor, physician, hospital, clinic, or medical practitioner with respect to any injury, illness or disability which you claim to have sustained or suffered as a result of the alleged occurrence, setting forth in detail as to each such date of examination or treatment:

a. The name and address of each such doctor, physician, or medical practitioner;

b. The nature and extent of the examination or treatment received from each such doctor; physician, or medical practitioner;

c. The diagnosis and prognosis made by each such doctor, physician or medical practitioner;

d. The amount charged you, or any other person or organization for your account, by each doctor, physician, or medical practitioner, fully itemized as indicated in any bill rendered therefor.

**My medical records and medical billing for the treatment received immediately after the accident at issue were provided to Power on December 15, 2015, via email, by my counsel as part of Plaintiff's initial disclosure of documents. Those documents can be located at VIA000001-VIA000638,      STC000001-STC000091,      ROB000001-ROB000019,      KSC-**

**WAS000001-KCS-WAS000112, LT000001-LT000009, MLMH000001-MLMH000032 and WOC000001-WOC000015. Those documents are responsive to Power's Interrogatory No. 12 for my hospitalizations immediately after the accident. I have no other medical records in my possession at this time, but have attached a medical authorization for Power to obtain any additional records sought and requests a copy of any and all additional medical records collected by Power. I will supplement as necessary should he obtain any additional medical records.**

**INTERROGATORY NO. 13**: As a result of the alleged occurrence, how long and between what dates were you:

a. Wholly confined to bed,

**As stated above, I have no independent memory of the time spent in the hospital after the incident. I do not recall how long I remained in the hospital as I was on pain pills during that time which fogs my memory of those events. My wife, Katerra, believes and informs me that I was confined to a bed for a few days but was required to get out of bed on a regular basis to change bandages to ensure the wounds on my back and butt did not fuse with the sheets.**

b. Wholly confined to the house,

**As stated above, I have no independent memory of the time spent in the hospital after the incident. My wife, Katerra, believes and informs me that I was never completely restricted to the house, but could not leave the house unless another persona was driving. I did not spend long stretches of time outside the home until at least 9 months after the incidence when I started working again.**

c. Wholly incapacitated from your normal activities giving complete details as to each activity from which you were so incapacitated.

**Plaintiff objects to Power's Interrogatory No. 13, part c, as it includes terms not defined and is thus overly board and subjective as it is not limited in scope as to what constitutes a normal activity.**

**INTERROGATORY NO. 14**: Please state the inclusive dates you claim you were, as a result of the alleged occurrence:

a. Totally disabled from your normal activities;

**Plaintiff objects to Power's Interrogatory No. 15, Part a as being duplicative to Power's Interrogatory No. 13 part c. Plaintiff further objects as Power's Interrogatory No. 15, Part a includes terms not defined and is thus overly board and subjective as it is not limited in scope as to what constitutes a normal activity.**

6

b. Partially disabled from your normal activities.

**Plaintiff objects to Power's Interrogatory No. 15, part b as it includes terms not defined and is thus overly board and subjective as it is not limited in scope as to what constitutes a normal activity.**

**INTERROGATORY NO. 15**: If you are claiming any loss of earning capacity as a result of the alleged occurrence, please state:

a.   the inclusive dates between which you were unable to work as a result of the alleged occurrence;

**I was unable to work for nine (9) months.  I will never be able to return to my former job as an apprentice lineman and I will never be able to reach my dream of being a journeyman. I had to switch occupations and started working again, as an electrician, in June 2014.**

b.   the total amount of earnings which you lost as a result of your absence;

**To be determined by an expert hired by my counsel and disclosed per the court's scheduling report.**

c.   the nature of your employment immediately prior to the alleged occurrence, indicating your job title, classification or position;

**I was an apprentice lineman for Track immediately prior to the accident.**

d. the name and address of your employer or your place of business;

e. your earnings per week, month or year.

**Plaintiff's counsel provided a copy of Plaintiff's paystub in its initial disclosures, provided to Power on December 3, 2015 via email, which is responsive to Power's Interrogatory No. 15, part d and e. The paystub can be located on ROWAN 000016. The paystub provides Plaintiff's hourly and weekly wages as well as the name of the Plaintiff's current employer.  Plaintiff will supplement the above response with additional employment documentation as he collects it.**

**INTERROGATORY NO. 16**: Please give a fully itemized account of all losses and expenses which you claim were incurred by you as a result of the alleged occurrence, stating the answer those losses or expenses which are attributable to hospitals, doctors, nursing, medicines, medical appliances, and loss of earning capacity.

**Plaintiff objects to Power's Interrogatory No. 16 as it exceeds the 25 interrogatory, including discrete subparts, limit imposed by both the Court's scheduling order issued December 11, 2015 and Federal Rule of Civil Procedure 33(a)(1).**

**INTERROGATORY NO. 17**: If you were afflicted with or suffering from any medical condition, including illness, injury, ailment, infirmity, impairment or disability, immediately before and during the alleged occurrence, please state as to each such condition.

    a.  A complete description of the condition, including its nature, extent and severity;

    b.  Your entire medical history as it relates in any way to the condition.

**Plaintiff objects to Power's Interrogatory 17 and all included subparts as it exceeds the 25 interrogatory, including discrete subparts, limit imposed by both the Court's scheduling order issued December 11, 2015 and Federal Rule of Civil Procedure 33(a)(1).**

**INTERROGATORY NO. 18**: Please list Plaintiff's work history for the last ten (10) years, including employer, employer's address, dates of employment, job title and job duties.

**Plaintiff objects to Power's Interrogatory No. 18 as it exceeds the 25 interrogatory, including discrete subparts, limit imposed by both the Court's scheduling order issued December 11, 2015 and Federal Rule of Civil Procedure 33(a)(1).**

**INTERROGATORY NO. 19**: Please describe with specificity all training, including safety training, Plaintiff received as part of his employment as an apprentice lineman for Track Utilities, LLC and any safety training received from other parties.

**Plaintiff objects to Power's Interrogatory No. 19 as it exceeds the 25 interrogatory, including discrete subparts, limit imposed by both the Court's scheduling order issued December 11, 2015 and Federal Rule of Civil Procedure 33(a)(1).**

Respectfully submitted,

/s/Ken M. Peterson
Ken M. Peterson, #07499
Nanette Turner Kalcik, #24030
Katherine J. Andrusak, #25961
MORRIS, LAING, EVANS, BROCK
  & KENNEDY, CHARTERED
300 N. Mead, Suite 200
Wichita, KS 67202-2745
(316) 262-2671
kpeterson@morrislaing.com
nkalcik@morrislaing.com
kandrusak@morrislaing.com
*Attorneys for Plaintiff*

## **VERIFICATION**

I, Michael L. Rowan, Plaintiff in the above-captioned action, has read the above and foregoing answers and responses to Defendant Power Constructors, Inc's First Set of Interrogatories to Plaintiff and said answers/responses are true and correct.

_____
Michael L. Rowan

Subscribed and sworn to before me, a Notary Public, this 16th day of January, 2016.

_____
Notary Public

My Commission Expires: March 1, 2019

9