UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-09227-JWL-TJJ |
| | ) | |
| SUNFLOWER ELECTRIC POWER CORPORATION; | ) | |
| MID-KANSAS ELECTRIC COMPANY, LLC; AND | ) | |
| POWER CONSTRUCTORS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT

Plaintiff, Michael Rowan, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a) and D. Kan. Rules 7.1, 37.1 and 37.2 hereby moves this Court to compel Defendant Power Constructors, Inc. ("Power") to produce documents and fully respond to Plaintiff's Second Set of Requests for Production of Documents and Electronically Stored Information No. 7.  In support of his motion, Plaintiff states as follows:

## PROCEDURAL HISTORY

In accordance with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, counsel for Plaintiff and Power have conferred in an attempt to resolve the outstanding discovery disputes.  Counsel for Plaintiff reached out to counsel for Power on April 25, 2016, to discuss Power's privilege objection to Plaintiff's Second Set of Requests for Production No. 7.  The parties participated in a phone call regarding this discovery issue.  Unfortunately, the parties were unable to resolve the issue and are at an impasse.

## ARGUMENT AND AUTHORITIES

In Plaintiff's Second Set of Requests for Production No. 7, Plaintiff sought the prior versions of a restart letter to Sunflower from Power. *See* Exhibit A (Power's Responses, which

incorporate Plaintiff's Requests).  Plaintiff requested the native files of the previous versions of the letter attached as Exhibit B to the referenced email.  *See* Exhibit B, attached hereto.  In response, Power objected on the grounds of attorney-client privilege and claimed that it was not relevant or likely to lead to the discovery of relevant information.

The subject of the discovery sought is relevant on its face because it is a restart letter between co-defendants in this case regarding the project on which Plaintiff was injured.  In fact, it is highly relevant and addresses recommended actions to Sunflower, by Power regarding Track and the restarting of the project following the incident.  In response, Power admits that 11 versions of this letter exist and have been listed on the privilege log as withheld from discovery.

When discovery sought appears relevant on its face, the party objecting has the burden to establish lack of relevancy.  *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2014).  "The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must specifically demonstrate how the request is not..." *Soc'y of Prof'l Eng'g Employees in Aerospace, Int'l Fed'n of Prof'l & Tech. Employees, Local 2001 v. Spirit Aerosystems, Inc.*, No. 14-1281-MLB, 2015 WL 3466091, at *6 (D. Kan. June 1, 2015).  Therefore, Power bears the burden of establishing the lack of relevance of the documents requested.

Shifting to Power's attorney-client privilege objection, Power again bears the burden.  "The burden of establishing the applicability of the attorney-client privilege rests on the party seeking to assert it." *See In re Grand Jury Proceedings,* 616 F.3d 1172, 1183 (10th Cir.2010) (internal quotation and citation omitted); *see also Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC,* No. 11-2684-JWL, 2014 WL 5581274, at *2 (D. Kan. Oct. 31, 2014). "The privilege must be **strictly construed and accepted *only* to the *very* limited extent** that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant

principle utilizing all rational means for ascertaining truth." *See id.* (internal quotations and citations omitted) (emphasis added). "This burden can be met **only** by an evidentiary showing based on competent evidence **and** cannot be discharged by mere conclusory assertions or blanket claims of privilege." *Kannaday v. Ball,* 292 F.R.D. 640, 645-46 (D. Kan. 2013) (internal citations and quotations omitted) (emphasis added).

The precedent of the 10th Circuit and this Court is clear: Power bears the burden of establishing that the documents on its log are entitled to the privilege it claims. Moreover, that privilege must be strictly construed and applied *only* in *very* limited situations. The overarching goal of litigation is to ascertain the truth—a goal which cannot be accomplished if relevant evidence is excluded. Conservatively, the vast majority (if not all) of the entries on Power's privilege are relevant to the subject matter of this litigation on their face—even based solely on the sparse descriptions of said documents given by Power on their log. Therefore, Power *must* carry the heavy burden of establishing its entitlement to such privilege.

The 11 drafts of the restart letter are not privileged in and of themselves, and Power cannot cloak them in privilege by forwarding them to an attorney, which is what appears to have been done here. The various drafts of the restart letter were attached to emails that were sent to or merely copied an attorney. To the extent the email itself was a communication requesting or giving legal advice, upon a proper showing, Plaintiff would concede that the emails *may* be privileged communications. But this Court has held that "[n]ot every communication between an attorney and client is privileged, only the requesting or giving of legal advice. Minutes of meetings attended by attorneys are not automatically privileged, and **business documents sent to attorneys are not automatically privileged. Likewise, the privilege does not apply where legal advice does not predominate the communication or where legal advice is merely incidental to business advice**."

3

*Williams v. Sprint/United Mgmt. Co.,* 245 F.R.D. 660, 670 (D. Kan. 2007) (emphasis added).

Here, the restart letter contains a business plan for the restart of the project—the very definition of business advice.  Furthermore, attorney-client privilege is to be strictly construed and applied to the very limited extent necessary.  Notably, Power did not redact the privileged portions of the communications nor did Power provide the drafted letters that were to be sent to a third party.  Instead, Power withheld documents that appear to have been simply viewed by an attorney.  Such an interpretation of privilege is contrary to the settled law of this District.

## CONCLUSION

Accordingly, Plaintiff prays that this Court compel the documents requested in Plaintiff's Second Set of Requests for Production No. 7, namely all native files of the previous versions of the letter attached as Exhibit B.

Respectfully submitted,

/s/Nanette Turner Kalcik
Ken M. Peterson, #07499
Nanette Turner Kalcik, #24030
Katherine J. Andrusak, #25961
MORRIS, LAING, EVANS, BROCK
& KENNEDY, CHARTERED
300 N. Mead, Suite 200
Wichita, KS 67202-2745
(316) 262-2671
kpeterson@morrislaing.com
nkalcik@morrislaing.com
kandrusak@morrislaing.com
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of May, 2016, the foregoing has been electronically filed with the United States District Court and served on the following:

Gregory A. Lee, #09960
Kelly J. Trussell, #23161
Danielle Davey, #24205
SLOAN LAW FIRM
534 S. Kansas Ave., Suite 1000
Topeka, KS 66603
(785) 357-6311
glee@sloanlawfirm.com
ktrussell@sloanlawfirm.com
ddavey@sloanlawfirm.com

and

Mark D. Calcara, #09957
WATKINS CALCARA, CHTD.
1321 Main, Suite 300
P.O. Drawer 1110
Great Bend, KS 67530
(620) 792-8231
mcalcara@sunflower.net
*Attorneys for Defendants Sunflower Electric
Power Corporation and Mid-Kansas Electric Company, LLC*


Thomas R. Buchanan, #10572
Jason L. Buchanan, #20815
Michael J. Gorman, #70249
Rodney K. Miller *pro hac vice*
McDOWELL, RICE, SMITH & BUCHANAN
605 W. 47th Street, Suite 305
Kansas City, MO 64112
(816) 753-5400
tbuchanan@mcdowellrice.com
jb@mcdowellrice.com
mgorman@mcdowellrice.com
rmiller@mcdowellrice.com
*Attorneys for Power Defendants*

/s/Nanette Turner Kalcik
Nanette Turner Kalcik, #24030