IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL ROWAN,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. 15-cv-9227-JWL-TJJ
                                        )
SUNFLOWER ELECTRIC                      )
POWER CORPORATION, et al.,              )
                                        )
            Defendants.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Mid-Kansas Electric Company LLC's Amended Motion to Compel (ECF No. 154). Pursuant to Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.1, Defendant Mid-Kansas Electric Company LLC ("Mid-Kansas") asks the Court to compel Plaintiff Michael Rowan to provide answers to its Amended Set of Interrogatories. As set forth below, the Court denies Mid-Kansas's motion.

**I.     Relevant Background**

Mid-Kansas served Plaintiff with its Amended Set of Interrogatories on January 8, 2016.[1] On February 12, 2016, Plaintiff served his responses and objections thereto, which contain Plaintiff's verified signature and counsel's electronic signature. Plaintiff objected to answering interrogatory numbers 8 through 25 on the ground that they exceed the Scheduling Order limit of 25 interrogatories. On March 14, 2016, the deadline for Mid-Kansas to file a motion to compel, counsel for Mid-Kansas wrote a letter to Plaintiff's counsel asking for a prompt response "since

---

[1] Mid-Kansas served its original set of interrogatories to Plaintiff on December 24, 2015. *See* Notice of Service (ECF No. 69). The January 8, 2016 Notice of Service indicates that Mid-Kansas served Plaintiff with amended interrogatories, but offers no explanation as to why or how counsel amended the discovery requests. *See* Notice of Service (ECF No. 81).

1

my motion to compel is due today."[2]  Plaintiff asserts this was the first notice counsel received that Mid-Kansas was dissatisfied with Plaintiff's interrogatory responses.  Plaintiff's counsel telephoned counsel for Mid-Kansas and they had a conversation that lasted "a couple of minutes," during which counsel for Mid-Kansas stated his position that the interrogatory responses lacked an appropriate signature and asked questions regarding medical records.  Counsel had a second telephone call of the same duration.  In the second call, counsel for Mid-Kansas once again asserted his position regarding the signature and stated that he disagreed with how Plaintiff's counsel counted the interrogatories.  Counsel had no further communication before Mid-Kansas filed the instant motion the following day, March 15, 2016.[3]

## II.     Whether Defendant Mid-Kansas Met its Duty to Confer

Plaintiff urges the Court to deny Mid-Kansas's motion on the ground that Mid-Kansas failed to comply with the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  By failing to file a reply in support of its motion, Mid-Kansas effectively concedes the point.  The Court agrees with Plaintiff that Mid-Kansas's motion to compel discovery should be denied for failure to make reasonable effort to confer concerning the matter in dispute as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

When a party seeks to compel discovery responses from another party, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

---

[2] ECF No. 154 at 5.

[3] Plaintiff provides a description of these telephone conversations in his response.  ECF No. 176 at 1-2.  Mid-Kansas did not file a reply brief in support of its motion, so Plaintiff's representations stand uncontested.

action."[4]   Although the motion recites that it includes the required certification, no such certification is included in or attached to the motion.   Moreover, a court in this district

> will not entertain any motion to resolve a discovery dispute . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.   Every certification . . . related to the efforts of the parties to resolve discovery . . . disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.   It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.[5]

The Court finds that a single letter, sent by counsel for Mid-Kansas on the date its motion to compel was due, does not constitute a "reasonable effort to confer" under D. Kan. Rule 37.2.[6] Mid-Kansas makes no showing that counsel undertook any additional efforts to resolve the dispute beyond writing a letter at the last minute.   Merely repeating a position and requesting or demanding compliance with a discovery request does not satisfy a party's requirement to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." Accordingly, the Court denies the motion.

**IT IS THEREFORE ORDERED THAT** Defendant Mid-Kansas Electric Company LLC's Amended Motion to Compel (ECF No. 154) is **DENIED.**

---

[4]  Fed. R. Civ. P. 37(a)(1).

[5]  D. Kan. R. 37.2.

[6]  The Court also notes that Mid-Kansas did not file the motion to compel on the March 14 deadline.   Instead, the motion was filed the following day.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
