IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ROWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-9227-JWL-TJJ |
| ) | |
| SUNFLOWER ELECTRIC ) | |
| POWER CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Michael Rowan's Second Motion to Compel (ECF No. 167). Pursuant to Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.1, Plaintiff asks the Court to compel Defendant Power Constructors, Inc. ("PCI") to produce documents and fully respond to Plaintiff's First Set of Requests for Production of Documents and Electronically Stored Information. As set forth below, the Court denies Plaintiff's motion but orders PCI to provide additional information for certain entries on its privilege log.

**I.     Relevant Background**

In its Memorandum and Order dated June 2, 2016,[1] the Court set forth the parties' history with respect to Plaintiff's First Set of Requests for Production. The Court will not repeat that recitation, but summarizes the activity relevant to this second motion to compel. Following Plaintiff's service of the requests on November 1, 2015, PCI served (1) its responses and objections on December 15, 2015;[2] (2) supplemental responses and objections on December 24,

---

[1] ECF No. 225.

[2] ECF No. 135-2.

1

2015;[3] and (3) second supplemental and amended responses and objections on February 11, 2016.[4]   During the February 22, 2016 telephone discovery conference, the Court directed PCI "if appropriate, [to] amend [its] responses to accurately and fully state what documents counsel is withholding from production on any basis."[5]   On February 26, 2016, PCI served its consolidated and amended responses and objections in response to the Court's order.[6]

PCI delivered its privilege log to Plaintiff on January 27, 2016, its amended privilege log on February 26, 2016, and an index of individuals listed on its privilege log on March 3, 2016.

Although PCI contends that Plaintiff has not legitimately or in good faith pursued the documents and information at issue through the meet and confer process, the Court finds that the parties have conferred in attempts to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.   The parties' exchanges and communications related to PCI's privilege log were interspersed with communications and conferences with the Court, as well as with depositions and other ongoing written discovery with all the parties. Although the Court finds some merit to PCI's contention that Plaintiff did not timely raise the issues contained in the instant motion by not raising them in its first motion to compel, PCI has not rebutted Plaintiff's representation that during a telephone call PCI's counsel stated that he would

---

[3] ECF No. 135-4.

[4] ECF No. 135-5.

[5] ECF No. 124 at 2.   The issue arose in the context of Plaintiff's argument that PCI had waived its objections to RFP Numbers 14 and 52.   The undersigned Magistrate Judge stated that she was unable to tell, based on the information the parties had provided, whether PCI's responses to those RFPs satisfied Federal Rule of Civil Procedure 34(b)(2)(C)'s requirement that PCI "must state whether any responsive materials are being withheld on the basis of [a stated] objection."   As a result, the Court directed Power to review its responses in light of the recent amendment to Rule 34.

[6] ECF No. 149-13.

not argue that Plaintiff had failed to meet his burden to meet and confer. The Court will not excuse waiver where circumstances warrant such a finding, but clearly all parties have devoted substantial time and effort to discovery in this case, and with one exception noted below it is appropriate to address the merits of the instant motion.

## II.     Specific Discovery Requests at Issue

Plaintiff's motion addresses entries on PCI's amended privilege log, challenging PCI's claim of privilege for many emails, and arguing that PCI has waived its right to pose privilege objections to RFP Numbers 9, 12, and 16. In addition, Plaintiff argues that PCI failed to comply with this Court's order to review and if appropriate, amend its responses to Plaintiff's First RFP to state what documents counsel withheld from production on any basis.

### A.     Manner in which PCI allegedly waived its privilege objections

Plaintiff contends that the attorney-client privilege does not apply to emails on PCI's privilege log that were not authored by an attorney or that included an attorney only as having been carbon copied on the communication. In addition, with respect to Request Nos. 9, 12, and 16, Plaintiff contends that PCI waived its attorney-client privilege and work product doctrine objections by not asserting those objections until PCI served its consolidated and amended responses on February 26, 2016.

### B.     PCI's alleged failure to comply with court order and rules

As set forth above, PCI served its consolidated and amended responses to Plaintiff's RFP pursuant to this Court's order to review and if appropriate, amend its responses to accurately and fully state what documents counsel is withholding from production on any basis. Plaintiff lists six of the amended responses in which PCI stated how it had limited its search for documents responsive to the given request, and concludes that the stated limits do not comply with the Court's

3

order because Plaintiff still cannot determine what documents PCI has withheld.

Although Plaintiff's argument includes an assertion that PCI's amended responses also fail to comply with "applicable rules," Plaintiff does not cite any rules in its argument.

### III.     The Parties' Arguments

Plaintiff's arguments are set forth above in the Court's description of the specific discovery requests at issue.   In response to Plaintiff's waiver arguments, PCI contends that no law supports Plaintiff's position that the attorney-client privilege applies only to emails that attorneys authored or received.   PCI asserts that the privilege applies so long as the emails were kept confidential within the company, their contents transmitted legal advice or information related thereto, and the privilege log provided legally sufficient descriptions of the documents.

As for Plaintiff's argument that PCI waived its objections to Request Nos. 9, 12, and 16, PCI in turn contends that Plaintiff waived this argument by not having included it in its first motion to compel.   Similar to its response to Plaintiff's first motion, PCI argues that Request Nos. 9, 12, and 16 seek duplication or subsets of documents in other of Plaintiff's requests, and points out once again that it did not add any documents to its privilege log when it supplemented the RFP numbers on the log.

Finally, PCI contends that it fully complied with the Court's order and with Fed. R. Civ. P. 34 in its amended responses by stating what limits controlled its search for documents.

### IV.     Privileges and Amended Rule 34

A party responding to a discovery request must expressly assert claims of privilege and work product if the party is withholding otherwise discoverable information on those grounds.[7] In addition, the party must "describe the nature of the documents, communications, or tangible

---

[7] Fed. R. Civ. P. 26(b)(5)(A).

things not produced or disclosed."[8]  The court may deem waived any objection not initially asserted in response to a discovery request.[9]  Although waiver may result from a party's failure to timely respond to a Rule 34 request,[10] in this case the claimed waiver arises from an alleged failure to comply with Rule 26(b)(5), which does not automatically result in waiver of the privilege.[11] "Waiver is a harsh sanction, reserved only in cases of unjustified delay."[12]

The 2015 amendments to Rule 34 now require an objecting party to "state whether any responsive materials are being withheld on the basis of that objection."[13]  The 2015 amendments were "aimed at reducing the potential to impose unreasonable burdens by objections to requests to produce."[14]  Specifically, Rule 34(b)(2)(C) was amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection.

> This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the

---

[8] *Id.*

[9] *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005).

[10] *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496-97 (D. Kan. 1998).

[11] *Queen's Univ. v. Kinedyne Corp.*, 161 F.R.D. 443, 447 (D. Kan. 1995).

[12] *White v. Graceland Coll. For Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008) (no waiver when delay in submitting privilege log not excessive or unreasonable).

[13] Fed. R. Civ. P. 34(b)(2)(C).

[14] Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment.

materials have been "withheld."[15]

## V. Analysis

With the legal standards in mind, the Court considers Plaintiff's requests to compel additional responses.

### A. Whether certain emails are protected by attorney-client privilege

Plaintiff challenges PCI's claim of attorney-client privilege protection for any email contained in PCI's privilege log which was not written by or sent to Rand Peebles, the only in-house counsel PCI has identified, or which Mr. Peebles received only as a carbon copy. Plaintiff asserts that a communication protected by the attorney-client privilege must be for the purpose of giving or receiving legal advice, and absent a description which makes it clear that such emails were for that purpose, PCI should be required to produce the challenged emails. Putting aside for the moment the sufficiency of PCI's descriptions, the Court considers the necessity that an attorney be the author or direct recipient of an email for the privilege to apply.

#### 1. Attorney as author or recipient

The law in this district is settled that "the attorney-client privilege does not require an attorney to have either authored or received the document at issue in order to maintain the privilege."[16] The issue arises where the client is an organization or a business entity with a number of employees, some of whom consult with each other in preparation for or in the midst of consulting with an attorney to ensure that the attorney's advice is based on full knowledge of all relevant facts. In that situation, "where the client is a corporation, attorney-client privilege may attach to documents transmitted between non-attorney employees of the corporation if the

---

[15] *Id.*

[16] *E.g., High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2012 WL 234024, at *13 (D. Kan. Jan. 25, 2016).

communications are confidential and are for the purpose of obtaining legal advice from an attorney."[17]

The Court rejects Plaintiff's argument that the attorney-client privilege does not apply to the documents on PCI's amended privilege log[18] which Plaintiff has marked with an asterisk or has highlighted in yellow, solely on the ground that an attorney is not the author or primary recipient of those documents.

### 2.    Whether privilege log descriptions are sufficient

After reciting the legal elements and burdens associated with establishing privilege, Plaintiff figuratively throws his hands in the air and states in conclusory fashion that all of PCI's descriptions are insufficient and that Plaintiff is unable to evaluate what if any portion of the documents are entitled to privilege.   Plaintiff asks the Court to evaluate each entry.

The Court has undertaken the task of reviewing the nearly 800 entries on PCI's amended privilege log, and has also compared each entry on the amended log to the original log.   The Court was aware that PCI had not added any documents to its amended log, and by withdrawing its assertion of common interest privilege in response to Plaintiff's first motion to compel, PCI had effectively removed four entries.   But in the process of comparing the two versions of the log, the Court also confirmed that PCI did not make a single change to its descriptions.   This is significant for two reasons.   First, Plaintiff received the original log on January 27, 2016.   Yet Plaintiff did not raise the issue of sufficiency during the February 22 conference, and therefore the Court did not order nor did PCI have reason to change any of its descriptions as it was preparing its amended

---

[17] *Id.*

[18] ECF No. 167-2.

log pursuant to the Court's order dated February 24.[19]  Second, Plaintiff's blanket assertion of the inadequacy of PCI's descriptions, without challenging any particular language or entries, lends support to PCI's criticism that Plaintiff is attempting to assert arguments this Court already rejected and/or to create a new dispute that PCI did not know existed.  Although the Court noted above its finding that the parties have satisfied their meet and confer obligation, as to this issue the Court finds that PCI had no notice of Plaintiff's objection to the descriptions of the documents contained in the original privilege log—descriptions which remained unchanged in the amended log—and that Plaintiff's failure to raise the issue during the February 22 conference or in its first motion to compel results in waiver.[20]

On its own motion, however, the Court will order PCI to provide additional information with respect to those privilege log entries whose description begins with "calendar appointment." Although the document type for each appears to be an email, it is not evident on its face how a calendar entry contains a communication made in confidence for the purpose of giving or obtaining legal advice.  Accordingly, the Court directs PCI to provide sufficient information to allow Plaintiff to assess the claim of privilege to the entries whose descriptions begin with "calendar appointment."

### B.     Objections to Request Nos. 9, 12, and 16

Plaintiff next argues that in its Consolidated and Amended Responses and Objections,

---

[19] *See* ECF No. 124 at 2.

[20] Plaintiff raises two new privilege issues in its reply brief relating to photographs and comparative fault.  As the Court has previously noted, it generally does not consider arguments raised for the first time in a reply brief.  *See* Memorandum and Order (ECF No. 225) at 9 (citing *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244 (D. Kan. 2001)).  Plaintiff failed to raise these issues in its first or second motions to compel, and the Court will not now consider them.

PCI posed a privilege objection to RFP Numbers 9, 12, and 16 that had not appeared in its three prior responses. Plaintiff contends that PCI therefore waived the newly asserted objection and must produce the documents withheld on the basis of privilege. PCI argues that the Court specifically authorized the objections and that Plaintiff waived the argument by not raising it in Plaintiff's first motion to compel.

The Court rejects Plaintiff's argument. The manner in which PCI asserted its privilege objection to RFP Numbers 9, 12, and 16 was to add those numbers to certain entries on its privilege log. Again, PCI did not add a single document to its log, but instead designated any additional RFPs to which a given document might also have been responsive. For example, an entry on the original log might have indicated that a privileged document was responsive to RFP Numbers 13 and 15. In its amended log, PCI added RFP Numbers 16 and 17, thereby indicating that the privileged document was also responsive to those requests. In so doing, PCI did not expand the number of privilege objections or withhold more documents on the basis of privilege. The Court had ordered PCI to "indicate on the privilege log what documents . . . responsive to Request Numbers 14 and 52 [it] is withholding on the basis of privilege,"[21] and PCI did the same with respect to RFP Numbers 9, 12, and 16.

PCI identified these materials as privileged on January 27, 2016. Accordingly, PCI has not waived its privilege objections to RFP Numbers 9, 12, and 16 as indicated on its amended log.

### C. Whether PCI's responses comply with the Court's order and rules.

Plaintiff's last argument is that PCI has not complied with this Court's order to review its responses to Plaintiff's First Request for Production of Documents and, "if appropriate, amend those responses to accurately and fully state what documents counsel is withholding from

---

[21] ECF No. 124 at 2.

production on any basis."²²   Plaintiff also contends that PCI's latest responses do not comply with unspecified applicable rules.

In its Consolidated and Amended Responses and Objections, PCI states specifically the limitations that controlled its search for responsive documents.   The Court finds that PCI's amended responses comply with the Court's order that it fully inform Plaintiff as to what documents PCI was withholding.

Rule 34 requires that an objection "must state whether any responsive materials are being withheld on the basis of that objection."²³   This requirement was added by the December 1, 2015 amendments to the Federal Rules of Civil Procedure.   Indeed, the Court ordered PCI to review its responses to Plaintiff's document requests to mirror the amended language, as the Court sought to ensure that PCI's objections would comply with the new requirement.   The Advisory Committee's note on the amendment provides guidance for its application.

> This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. **An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."**²⁴

PCI's Consolidated and Amended Responses state the limits that controlled its search for responsive documents.   Consequently, the Advisory Committee's note makes clear that PCI's

---

²² *Id.*

²³ Fed. R. Civ. P. 34(b)(2)(C).

²⁴ Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment (emphasis added).

responses are sufficient to put Plaintiff on notice that PCI withheld documents in connection with its objection. Rule 34 does not require PCI to provide a detailed description or log of the documents withheld.

While Plaintiff's motion conclusively states that PCI did not comply with the Court's order and the applicable rules, Plaintiff fails to acknowledge amended Rule 34 or explain how PCI's responses fall short of complying with the rule. In its response to the instant motion, PCI contends that it appropriately limited its search for responsive documents and that those limits are clearly stated in its Consolidated and Amended Responses. Plaintiff does not address the issue in its reply, which suggests that Plaintiff recognizes the import of the amended Rule 34.

Moreover, following receipt of PCI's Consolidated and Amended Responses, Plaintiff did not begin an informed discussion of PCI's objections; indeed, Plaintiff has yet to articulate what additional searches, if any, he would request PCI to run. Instead, in his motion Plaintiff points out four of PCI's responses as examples of what he contends is evidence of PCI's continued non-compliance. The first is PCI's response to RFP Numbers 9 and 12, in which PCI lists the Bates ranges for documents it has produced, and in connection with its objection states that "PCI has limited its search to the e-mail .PST files for project management for the subject project, and has produced all non-privileged e-mails and attachments identified therein relating to the subject project."[25] PCI's response complies with Rule 34(b)(2)(C).

Second, Plaintiff points to RFP Numbers 10 and 11, both of which seek documents reflecting Power's bid analyses of subcontractors who submitted bids for the project. In response, PCI states in relevant part that it limited its search for responsive documents to all bid proposals

---

[25] ECF No. 149-13 at 7-8, 9-10. With some redundancy, RFP Numbers 9 and 12 seek documents relating to Mid-Kansas, Sunflower, and Sunflower Holdings for "the five years preceding December 31, 2013" (RFP Number 9) and for "the five years preceding September 30, 2015" (RFP Number 12).

Power received for the project dated July 25 and November 1, 2013, and to the evaluation and recommendation letters submitted for those bid proposals.[26]  For the first time, in the instant motion Plaintiff states that it is difficult to know whether other bid proposals exist for this project. The Court notes that PCI had included this same limitation in every one of its four responses to RFP Numbers 10 and 11.[27]  Plaintiff did not raise this issue in connection with any of PCI's earlier responses.  In addition to finding that PCI's response complies with Rule 34(b)(2)(C), the Court finds that Plaintiff's failure constitutes waiver.  If Plaintiff wants to know whether other bid proposals exist for this project, he can make that inquiry in future discovery.

Third, in RFP Number 13 Plaintiff seeks all documents reflecting an investigation of the incident surrounding Plaintiff's injuries.  PCI's response includes its statement that it limited its search to OSHA's investigation, its own investigation report, Track's investigation report, and email .PST files for project management for the subject project.[28]  Plaintiff complains that PCI has not stated whether additional documents exist other than the reports it has disclosed.  Under Rule 34, PCI has provided a sufficient response.  Again, if Plaintiff wants to know whether additional reports exist, he can make that inquiry in future discovery.

Finally, Plaintiff posed a very broad request in RFP Number 14, seeking any documents of internal meetings of Power personnel relating to Track, the project, and/or Mid-Kansas or two Sunflower entities from January 1, 2013 to date.  PCI included in its response an objection to the overbroad nature of the request, and in relevant part stated that it limited its search to the email

---

[26] *Id.* at 8, 9.

[27] In addition to the Consolidated and Amended Response, that includes PCI's (1) original responses and objections dated December 15, 2015; (2) supplemental responses and objections dated December 24, 2015; and (3) second supplemental and amended responses and objections dated February 11, 2016.

[28] ECF No. 149-13 at 10-11.

.PST files for project management for the project.[29]  Plaintiff also complains that this response does not sufficiently advise him whether PCI has documents regarding internal meetings other than emails.  PCI's response complies with Rule 34, and Plaintiff may need to seek additional, more focused discovery if he wants to learn of the existence of additional documents.

In sum, the examples Plaintiff offers do not demonstrate that PCI failed to comply with Rule 34 or the Court's order.

**IT IS THEREFORE ORDERED THAT** Plaintiff Michael Rowan's Second Motion to Compel (ECF No. 167) is **DENIED.**

**IT IS FURTHER ORDERED THAT**, no later than ten (10) days from the date of this order, PCI shall provide Plaintiff with additional information for its privilege log entries which contain a description of "calendar appointment" to allow Plaintiff to assess the claim of privilege as to those entries.  If Plaintiff challenges the sufficiency of the additional descriptions, the parties shall have one week following Plaintiff's receipt of the additional descriptions to meet and confer in good faith as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  If the parties do not resolve the issues by the end of that period, they shall contact the undersigned to arrange a conference.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[29] *Id.* at 11-12.