IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ROWAN, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>SUNFLOWER ELECTRIC )<br>POWER CORPORATION, et al., )<br>)<br>        Defendants. ) | Case No. 15-cv-9227-JWL-TJJ |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion for Extension of Certain Deadlines in Court's Amended Scheduling Order (ECF No. 234). In their motion, Defendants seek to modify the Amended Scheduling Order (ECF No. 194) regarding deadlines related to expert discovery and independent medical examinations ("IMEs") pursuant to Fed. R. Civ. P. 35. Plaintiff opposes the motion to the extent that Defendants seek to change the sequence of discovery deadlines. Upon consideration of the matter, the Court concludes that the motion should be granted insofar as the deadlines in question are extended, and denied insofar as Defendants seek to change the sequence of the deadlines.

Federal Rule of Civil Procedure 16 provides that a scheduling order may be modified only for good cause and with the judge's consent.[1] In this instance, the parties agree that an extension of the IME and expert discovery deadlines is warranted, and the Court concurs. The scope and extent of discovery that the parties have conducted and intend to conduct, along with counsel's diligence, constitute good cause to extend the deadlines at issue.

---

[1] Fed. R. Civ. P. 16(b)(4).

Defendants, however, seek not only to extend certain deadlines, but contrary to the original and amended Scheduling Orders, they urge the Court to require Plaintiff to make his expert disclosures before Defendants conduct physical and/or mental examinations of Plaintiff. Defendants assert that the order of these deadlines should change because Defendants cannot understand the specific injuries and damages Plaintiff claims without the benefit of Plaintiff's expert reports. Defendants assert that unless the sequence changes, one of two results will occur: either Defendants will be required to spend money and time on IMEs that are unnecessary if Plaintiff later abandons a theory or a measure of damages, or Defendants will not have enough information to effectively examine Plaintiff regarding his damages claims.

Plaintiff objects, pointing out that Defendants' proposed Report of Parties' Planning Conference suggested that the deadline for completion of IMEs should precede Plaintiff's deadline for expert disclosures. That order of sequence was incorporated in both the original and amended Scheduling Orders.[2] Plaintiff also notes that as counsel were discussing the issue of seeking an extension of the IME and expert deadlines, Power's counsel did not reveal until after they had reached an agreement that he intended to propose a new schedule with re-ordered deadlines. Plaintiff argues that Defendants' failure to timely raise this issue constitutes waiver, that maintaining the current order of deadlines will not prejudice Defendants, but that amending the sequence would grant Defendants an unfair advantage by depriving Plaintiff's experts of the IME report while allowing Defendants the benefit of both the IME and Plaintiff's expert opinions before Defendants' experts render their opinions. Finally, Plaintiff states that Defendants not only have all of Plaintiff's medical records of which Plaintiff is aware, but Plaintiff also has

---

[2] The original Scheduling Order contains the following deadlines: April 1, 2016 for completion of the IME; May 2, 2016 for Plaintiff's expert disclosure. *See* ECF No. 62. The Amended Scheduling Order contains the following deadlines: August 1, 2016 for completion of the IME; August 30, 2016 for Plaintiff's expert disclosure. *See* ECF No. 194.

provided broad medical releases so that Defendants may independently obtain any other medical records they believe might exist.   With the medical records and other discovery conducted to date, Plaintiff argues Defendants have sufficient information to determine what examinations are appropriate.

The Court finds that Defendants have not demonstrated good cause to alter the sequence of the IME and expert disclosure deadlines.   It has been apparent from the inception of this case that, as Defendants state, the nature and extent of Plaintiff's injuries are "hotly contested."[3]   Yet Defendants perhaps proposed and certainly acquiesced in a schedule that called for them to conduct their IME(s) before Plaintiff is required to designate his experts.   The Court has confirmed that the draft of the parties' planning report submitted by Defendants proposed this sequence, which the Court incorporated in the initial Scheduling Order.[4]   The Court does not repeat this fact to suggest that the sequence should be maintained only because it has always been this way,[5] but instead to reject Defendants' intimation that a recent occurrence created good cause.

---

[3]  ECF No. 234 at 4.

[4]  While the Court does not find that the concept of waiver applies in this situation, as Plaintiff urges, the Court is concerned that Power's counsel did not reveal his true intention about the sequence of deadlines until Plaintiff's counsel repeatedly pressed to confirm what deadlines he was proposing.

[5]  In fact, for a period of about two weeks, the sequence was reversed.   On March 30, 2016, two days before the IME deadline, Power filed an unopposed motion to extend the IME deadline to June 1, 2016.   *See* ECF No. 180.   The following day, the Court granted the motion.   *See* ECF No. 181.   Two weeks later, however, Plaintiff and Sunflower moved, with Power's consent, to extend by 120 days all of the then-remaining Scheduling Order deadlines.   *See* ECF No. 189.   The Court issued the Amended Scheduling Order which contains the deadlines that the parties requested.   *See* ECF No. 194.   Given the timing of the motions, the Court presumes that Power filed its March 30 motion to ensure that it would not miss the imminent IME deadline while the parties were negotiating deposition schedules and discussing the 120-day global extension they requested shortly thereafter.

In addition, the Court finds that the current sequence is reasonable and equitable. The parties raised the issues of Defendants' access to Plaintiff's medical records and the necessity of an IME during the December 7, 2015 Scheduling Conference. As Plaintiff explains in his response and consistent with the Court's understanding from other telephone conferences in this case, Plaintiff has provided Defendants with all of his medical records of which he is aware, and has executed broad medical releases which would enable Defendants to obtain copies of any additional medical records that might exist. Defendants therefore have sufficient information from which to determine what physical and/or mental examinations are appropriate. They do not need Plaintiff's expert reports to make that decision.

As for Defendants' concern that Plaintiff may later abandon a theory or measure of damages resulting in Defendants having spent time and resources on unnecessary IMEs, the Court notes that risk exists regardless of the sequence of the examination and expert report. In addition, the Court notes that Plaintiff has an incentive to be forthright regarding his claimed injuries in order to avoid being subjected to unnecessary IMEs.

Finally, an independent medical exam is appropriate only when a party's mental or physical condition is in controversy and the party proposing the exam shows good cause.[6] The examiner's report is to "detail the examiner's findings, including diagnoses, conclusions, and the results of any tests."[7] In contrast, the requirements for expert testimony disclosure are more extensive.[8] These differences arise from the function of each. An IME "should be divested as far as possible of any adversary character. The examining doctor is, in effect, an 'officer of the

---

[6] Fed. R. Civ. P. 35(a).

[7] Fed. R. Civ. P. 35(b)(2).

[8] *See* Fed. R. Civ. P. 26(a)(2).

court' performing a non-adversary duty."[9]  An expert witness, on the other hand, is offering testimony in support of the party who retained the witness.  Accordingly, the Court will extend the deadlines for the IME and expert disclosures, with the former occurring first in time.

IT IS THEREFORE ORDERED that Defendants' Joint Motion for Extension of Certain Deadlines in Court's Amended Scheduling Order (ECF No. 234) is hereby GRANTED in part and DENIED in part.  The Amended Scheduling Order is further amended as follows:

| Event | Current Deadline/Setting | New Deadline/Setting |
| --- | --- | --- |
| Experts disclosed by plaintiff | **August 30, 2016** | **October 14, 2016** |
| Experts disclosed by defendants | **October 18, 2016** | **November 25, 2016** |
| Rebuttal experts disclosed | **November 28, 2016** | **January 6, 2017** |
| Physical and mental examinations | **August 1, 2016** | **September 15, 2016** |

All other deadlines in the Amended Scheduling Order (ECF No. 194) remain.

IT IS SO ORDERED.

Dated August 4, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[9] *Warrick v. Brode*, 46 F.R.D. 427, 428 (D. Del. 1969).