IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-9227-JWL-TJJ |
| | ) | |
| SUNFLOWER ELECTRIC | ) | |
| POWER CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Reconsider (ECF No. 260).

In their motion, Defendants ask the Court to reconsider its ruling that Plaintiff should be allowed to

videotape the Rule 35 independent medical exam Defendants have noticed for September 22 and

23, 2016.   Defendants filed the motion on September 15.   The Court ordered the parties to confer

and set an expedited briefing schedule in the event they were unable to resolve the matter.

Plaintiff had until 5:00 PM yesterday to respond, and Defendants had a deadline of noon today to

file a reply.   Consistent with the history of this case, the parties remain at odds and the Court is left

to decide this matter two days before the scheduled exam.   The Court has reviewed the parties'

filings and other pertinent submissions in this case, analyzed the applicable law, and given

thorough consideration to the issues.   The Court concludes the motion should be denied.

In the interest of time, the Court omits an extensive statement of the background.   The

facts are developed in this Court's Memorandum and Order denying Defendants' request to

change the sequence of certain Scheduling Order deadlines,[1] Defendants' Joint Motion to Extend

---

[1]  ECF No. 239.

Time for Rule 35 Examination Deadline and response thereto,[2] and the Minute Entry following

the September 14, 2016 hearing on Defendants' Joint Motion.[3]

**Standard of Review**

Defendants' joint motion asserts the wrong standard of review for a motion to reconsider.

Local Rule 7.3(b) sets forth the standard for reconsideration of a non-dispositive order.   Such

motion must be based on "(1) an intervening change in controlling law; (2) the availability of new

evidence; or (3) the need to correct clear error or prevent manifest injustice."[4]   Not knowing how

the Court would construe Defendants' arguments, Plaintiff addresses all three grounds in his

response.[5]   In their reply, however, Defendants ultimately concede Plaintiff has articulated the

correct standard and assert their motion is based only on the third element, the need to prevent

manifest injustice.[6]

**Analysis**

In Plaintiff's version of the Report of Parties' Planning Conference submitted before the

December 7, 2015 Scheduling Conference, Plaintiff wrote as follows:

> Plaintiff indicated they may want to have a representative present
> with a video camera during the physical or mental examination of
> Plaintiff by Defendants' IME.   Defendants have indicated they will
> not agree to have a representative of Plaintiff with a video camera at
> the IME examination. This issue is not ripe and cannot be resolved

---

[2] ECF Nos. 253, 255.

[3] ECF No. 258.   Defendants filed the motion for extension of time on September 13, 2016, and the Court held a hearing the following day.   This pattern has repeated itself throughout this case, where one party or another raises an issue at the last minute.   The Court has tried to afford the parties guidance and rulings in compliance with Rule 1 of the Federal Rules of Civil Procedure.

[4] D. Kan. R. 7.3(b).

[5] ECF No. 263 at 3-11.

[6] ECF No. 264 at 2-6.

by the Court if and until a formal request for examination is made, and Plaintiff possesses more information regarding the examiner and scope of exam.[7]

Sunflower's counsel raised the issue during the Scheduling Conference, stating he would not agree to videotaping the IME.   The Court heard Plaintiff's and Power's counsel on the issue, opined that Plaintiff would have to convince the Court that videotaping would be appropriate, and noted the issue was not ripe.   The Court notes this history to point out that, at least since October 30, 2015, when counsel held their Rule 26 conference, three things have been clear: (1) Defendants intended to conduct an IME of Plaintiff; (2) Plaintiff's counsel intended to seek to videotape the IME; and (3) Defendants intended to resist videotaping.   Yet it was not until ten months later that Defendants contacted a neuropsychologist about conducting an IME and then mentioned possible dates for the exam to Plaintiff's counsel, without identifying the examiner.   When Sunflower's counsel first identified the examiner in an email to Plaintiff's counsel on September 9, 2016, he wrote "[t]he IME would be done by Dr. Patrick Caffrey a neuropsychologist in N. Kansas City. Google his name and you can see his background."[8]

To be clear, the issue before the Court is whether that portion of the Court's order (issued orally during the September 14, 2016 conference and memorialized in the Minute Sheet[9] the same day) allowing Plaintiff's counsel to arrange for a videographer to videotape Dr. Caffrey's examination of Plaintiff results in manifest injustice to Defendants.   Defendants have an uphill battle to show manifest injustice where their lack of diligence created the situation at hand.   But

---

[7] The quoted language is contained in a document Plaintiff submitted to the undersigned Magistrate Judge by email on November 30, 2015, with copies to defense counsel.

[8] ECF No. 255-2 at 3.

[9] ECF No. 258.

3

the Court has read the cases the parties cite and has conducted additional legal research to determine whether Defendants have met this standard.   They have not.

Defendants overstate what they refer to as the majority rule, which is not an outright prohibition on videotaping IMEs. "The general rule . . . seems to be that courts will permit the presence of court reporters or recording devices only if the examinee can show good cause why the court reporter or recording device is especially necessary to the particular case."[10]

Cases from this district and elsewhere yield different results, with some allowing and others prohibiting the IME in question from being videotaped.[11]   The results differ because the Rule 35 standard, when applied to the facts of each case, produces a decision that is case-specific. As Judge Melgren wrote in affirming Magistrate Judge Humphreys' order allowing an IME to be videotaped in *Maldonado v. Union Pacific Railroad Co.*, Case No. 09-1187, "Rule 35 states that the Court 'must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.'   Case law establishes that the party seeking the condition must make a good cause showing why the Court should impose it."[12]   As in *Maldonado*, the condition at issue is videotaping.   Judge Melgren went on to note that in determining what conditions should be imposed, a court "should balance the competing considerations involved in the particular case and set such conditions for the examination as are just."[13]

---

[10]  William Scott Wyatt, Richard A. Bales, *The Presence of Third Parties at Rule 35 Examinations*, 71 Temp. L. Rev. 103, 114 (1998).

[11]  *E.g., Schaeffer v. Sequoyah Trading and Transp.*, 273 F.R.D. 662 (D. Kan. 2011); *Hertenstein v. Kimberly Home Health Care*, *Inc.*, 189 F.R.D. 620 (D. Kan. 1999); *Maldonado v. Union Pac. R.R. Co.*, No. 09-1187-EFM-KMH (D. Kan. Feb. 25, 2010), *aff'd* 2011 WL 841432 (March 8, 2011).

[12]  2011 WL 841432, at *3 (citations omitted).

[13]  *Id.* (citing *Hertenstein*, 189 F.R.D. at 628).

This Court has attempted to do precisely that—balance the competing considerations of fairness and the need for discovery, among other things, and set just conditions.   Defendants complain there was no evidence before the Court that videotaping of the IME was warranted, but they are wrong.   Plaintiff's interrogatory answer outlining his memory, cognitive, mood, and other difficulties has been before the Court since Defendant Power attached it as an exhibit to its February 25, 2016 motion to compel.[14]   Moreover, the Court has known since the December 2015 Scheduling Conference that Plaintiff alleges he suffers from "non obvious brain damage," and Plaintiff's counsel described the limitations he asserts warrant time limits on Plaintiff's deposition. In addition, Plaintiff has provided deposition excerpts describing Plaintiff's memory and cognitive problems.   The plaintiff-examinee in *Hertenstein,* a case upon which Defendants rely and which was decided before *Maldonado* and *Schaeffer*, had no such deficiencies or problems.   The Court finds a sufficient evidentiary basis for its order.[15]

In the face of that evidence, Defendants offer virtually no explanation of what manifest injustice the Court's order will cause.   The Court understands they fear loss of the opportunity to conduct an IME, or at least one conducted in the manner they prefer, but such an outcome would not be the result of the Court's order.   Rather, it would result from Defendants' lack of diligence and failure to comply with the Scheduling Order directive that "[i]f the parties disagree about the need for or the scope of [an IME], a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by

---

[14]  ECF No. 130.

[15]  The Court also finds Plaintiff has submitted a countervailing affidavit which controverts the reasons related to test reliability which Dr. Caffrey offers for refusing to conduct a videotaped exam.   In addition, Dr. Caffrey's concerns about compromise of test security can be addressed through a protective order.

the court, and for the examination to be conducted, all before the deadline expires."[16]

Notwithstanding this explicit directive, Defendants failed to serve their IME notice with the

contents required by Rule 35(a)(2)(B) until September 15, 2016, after the Court had ordered them

to do so and only seven days prior to the exam.[17]

Defendants have not met their burden to show manifest injustice will result if the Court

adheres to its ruling.

## Sufficiency of Rule 35 Notice

Plaintiff contends the Notice of Defendants' Rule 35 IME Examination[18] is insufficient

and the Court should strike it.   The Court disagrees and will not strike the notice.

## Conclusion

The Court is well aware of the importance of this issue to all parties.   In denying

Defendants' motion to reconsider, the Court does not intend to prevent Defendants from

conducting an IME of Plaintiff.   Consistent with its earlier rulings, the Court will not extend the

September 23, 2016 deadline for the IME.   If Dr. Caffrey will not conduct the IME under the

conditions the Court has ordered, Defendants may engage the services of another practitioner to

conduct the examination so long as the time, manner, conditions, and scope are within those set

forth in the Notice of Defendants' Rule 35 IME Examination.

---

[16] ECF No. 62-1 at 6.

[17] Judge Waxse found that eight days prior to a scheduled exam does not comply with the quoted language from the court's Scheduling Order.   *Norouzian v. Univ. of Kan. Hosp. Auth.*, No. 09-2391-KHV-DJW, 2010 WL 3718547, at *1-2 (D. Kan. Sept. 14, 2010).

[18] ECF No. 259.

IT IS SO ORDERED.

Dated this 20th day of September, 2016, at Kansas City, Kansas.


_s/ Teresa J. James_
Teresa J. James
U.S. Magistrate Judge