IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ROWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-9227-JWL-TJJ |
| ) | |
| SUNFLOWER ELECTRIC ) | |
| POWER CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Power Constructors, Inc.'s Motion to Take Depositions by Remote Means and For Expedited Consideration (ECF No. 330). Power seeks an order permitting the depositions of non-party witnesses Nick Dodge, Jake Smith, and Daryl Kimmel to occur by telephone or videoconference. Power further seeks expedited consideration of its motion and suggests the Court schedule a telephone conference and rule the motion without a response from Plaintiff. The Court sees no need for a telephone conference and issues its ruling as follows.

Power's counsel certifies that he has made reasonable efforts to confer with opposing counsel before filing this motion, and based on the recitation of the parties' communications, the Court accepts the certification.

Power brings this motion pursuant to Federal Rule of Civil Procedure 30(b)(4), which states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Power argues that because the witnesses at issue (all of whom are former Track employees) are transitory, a number of depositions have yet to be

1

scheduled, Plaintiff's counsel has limited availability, and the Christmas holidays are upcoming, ordering these depositions to be taken remotely would facilitate scheduling and completing very important fact depositions. "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request to take a telephonic deposition, the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship and conduct a careful weighing of the relevant facts."[1]

Power acknowledges that Plaintiff opposes the motion, and sets forth additional events that occurred after the Court conducted a November 17, 2016 telephone conference to discuss the depositions of Matt Heath and Nick Dodge.[2] David H. Leroy appeared at the conference on behalf of the prospective deponents. Upon questioning by the Court, Mr. Leroy confirmed that he had referred to Power's counsel as the dog and to himself as the tail, and had told Plaintiff's counsel that he did not want to "get crosswise" with Power's counsel. After the Court concluded that those depositions would not go forward on November 22 and 23, the Court urged Mr. Leroy to advise his clients not to avoid service or refuse to cooperate in scheduling their depositions.

In its motion, Power's counsel states that on November 22 and 23, he met with Messrs. Heath and Dodge in Boise, Idaho. He describes the meeting as follows:

> Messrs. Heath and Dodge agreed to appear and provide videotaped sworn statements under oath on those dates, upon the express condition that they would not be served with subpoenas and that Power's counsel would not inquire as to their current employer and personal residence, or location where they could be served. Accordingly, Power's counsel took recorded statements from Mr. Heath and Mr. Dodge on November 22 and 23, 2016. The witnesses were represented by counsel during the sworn statements.[3]

---

[1] *RP Fam., Inc. v. Cmmw. Land Title Ins. Co.*, 10cv1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (internal citations and quotations omitted).

[2] *See* Minute Sheet from 11/17/2016 hearing (ECF No. 311).

[3] ECF No. 330 at 3-4.

In light of Power's conscious decision on the heels of the November 17 conference to take sworn statements but to forgo serving subpoenas or to obtain answers to questions that would enable Power to subsequently locate and serve subpoenas on two witnesses whose depositions Power describes as "crucial to the defense of this case,"[4] the Court is not inclined to order depositions of these or other former Track employees by remote means for the reasons Power offers.  The Court rejects any suggestion that a telephone deposition would be satisfactory, as it would prevent all counsel from viewing the witnesses' demeanor and discussing exhibits with them.  "A party's ability to see a key witness and judge his demeanor are important considerations in the decision to permit a telephonic deposition."[5]  As for a videotape deposition, the Court notes the disadvantage to counsel who appear remotely when the deponent has counsel by his side who is reluctant to "get crosswise" with one party.[6]  Moreover, any deposition, no matter how it is to be conducted, must take place upon reasonable notice which includes a stated location and the deponent's name and address if known, along with the date and time.[7]  Power offers no reason why Plaintiff should not be afforded the opportunity to appear wherever the deponents will be.

Finally, the Court notes that it has just granted Defendants' motions to extend the discovery deadline to January 31, 2017.  The parties now have additional time to schedule depositions.

As it has repeatedly done, the Court directs counsel to work in a professional manner as they approach the conclusion of discovery.  Each party should be capable of identifying at least a

---

[4] *Id.* at 5.

[5] *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996).

[6] The Court understands that Mr. Leroy may not represent any of the witnesses if their depositions occur somewhere other than in Idaho, but presumes that Track would arrange for other counsel to do so.

[7] *See* Fed. R. Civ. P. 30(b)(1).

handful of dates prior to January 31, 2017 when one of its counsel can be available for the sought after depositions.   The parties are of course free to agree to conduct any deposition by remote means.   On the record before the Court, however, the instant motion is DENIED.

    IT IS SO ORDERED.

    Dated this 7th day of December, 2016, at Kansas City, Kansas.

                                             *s/   Teresa J. James*
                                             Teresa J. James
                                             U.S. Magistrate Judge