IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ROWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 15-cv-9227-JWL-TJJ |
| | ) |
| SUNFLOWER ELECTRIC | ) |
| POWER CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Sunflower Electric Power Corporation and Mid-Kansas Electric Company, LLC's Motion to Compel (ECF No. 381). The Sunflower Defendants seek an order compelling Plaintiff to produce any deposition excerpts or summaries which Plaintiff's counsel provided to expert witness Donald E. Johnson.

Plaintiff's response to the motion was due on January 19, 2017, but no response has been filed. The Court therefore finds the motion ripe and rules, accepting the uncontested facts as they are presented.

In their motion, the Sunflower Defendants describe an exchange between counsel and Donald E. Johnson, Plaintiff's expert in electrical engineering and electric power distribution, during Mr. Johnson's deposition. In that exchange, Mr. Johnson testified that among the documents he relied on in arriving at his opinions are the transcript of Randal Miller's deposition and excerpts from that transcript. Although Plaintiff's counsel apparently had produced the Miller deposition transcript along with Mr. Johnson's report and other file material, counsel had not produced the excerpts from that transcript which he had provided to Mr. Johnson. Plaintiff's counsel objected to doing so.

The Sunflower Defendants contend that the deposition excerpts are discoverable under Federal Rule of Civil Procedure 26(b)(4)(C), which states as follows:

> (C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
> (i) relate to compensation for the expert's study or testimony;
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.[1]

Mr. Johnson agreed that he "relied upon [the deposition excerpts] in formulating a part of [his] opinions."[2] The excerpts are from a deposition taken in this case, the entire transcript of which Plaintiff produced to Defendants as a part of the mandatory expert disclosures.[3] Accordingly, the excerpts fall within the exception of Rule 26(b)(4)(C) and Plaintiff must provide the documents to Defendants.[4]

Defendants Sunflower Electric Power Corporation and Mid-Kansas Electric Company, LLC's Motion to Compel (ECF No. 381) is **GRANTED.** Within five (5) days of the date of this

---

[1] Fed. R. Civ. P. 26(b)(4)(C).

[2] ECF No. 381-1 at 3.

[3] *See* Fed. R. Civ. P. 26(a)(2)(B).

[4] *See  N. Nat. Gas Co. v. Approximately 9117.53 acres in Pratt, Kingman, and Reno Ctys., Kan.*, 289 F.R.D. 644, 648 n.3 (D. Kan. 2013) ("Rule 26(a)(2)(B) and 26(b)(4)(C) were amended in 2010 concerning discovery related to experts. However, the rule still requires a disclosure of all facts or data considered by the witness in forming the opinions to be offered, and allows discovery of the identity of all facts and data which the party's attorney provided to the expert and which the expert "considered" in forming the opinion, whether or not the expert relied upon such facts. See 2010 Advisory Committee Notes to Rule 26.").

order, Plaintiff shall produce to Defendants copies of the deposition excerpts of Randal Miller discussed herein.[5]

**IT IS SO ORDERED.**

Dated January 30, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[5] In the concluding sentence of their motion, the Sunflower Defendants ask the Court to compel the disclosure of "any deposition excerpts or summaries which were provided to plaintiff's expert, Don Johnson." ECF No. 381 at 5. The motion provides evidence only as to the excerpts of Randal Miller's deposition transcript, and makes no mention of other transcripts or summaries. The Court declines to order the production of documents beyond the scope of the motion.