IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-9227-JWL-TJJ |
| | ) | |
| SUNFLOWER ELECTRIC | ) | |
| POWER CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Power Constructors, Inc.'s Motion to File One Day Out of Time and to Strike Confidential Designation of Material by Plaintiff (ECF No. 383). Power challenges the claim by Plaintiff that the deposition transcripts of James Stovall and Randal Miller are "Confidential" pursuant to the Protective Order entered in this case.[1] Plaintiff opposes the motion. For the reasons discussed below, the Court grants the motion and strikes the confidential designations.

**I.       Relevant Background**

Pursuant to notice by Plaintiff, the parties deposed James Stovall on January 5, 2016 and Randal Miller on April 4, 2016. In an email dated December 5, 2016, Plaintiff's counsel wrote the following to Defendants' counsel: "Please consider this Plaintiff's Notice of Designation of Confidentiality Pursuant to the Protective Order of Deposition Transcripts of James Stovall and Randal Miller, as well as exhibits to those depositions."[2] Counsel for Power responded in emails

---

[1] *See* Protective Order (ECF No. 60).

[2] ECF No. 383-2. Plaintiff also designated as confidential Mr. Stovall's handwritten notes and Plaintiff's Exhibit 2, but in his response to the instant motion he withdraws the designation as to these items. *See* ECF No. 399 at 5.

1

dated December 15 and 21, 2016, asserting the designation was both untimely and improper. Plaintiff has refused to withdraw the designation, and this motion followed.

Plaintiff disputes Power has made a reasonable effort to confer on this issue, asserting that counsel never actually spoke about their differences. Power states that counsel had face-to-face discussions while travelling "regarding issues surrounding Stovall's and Miller's deposition testimony."[3] These discussions followed emails which clearly conveyed Power's objection to Plaintiff's confidentially designations of the Stovall and Miller depositions. While Power's reply isn't a definitive expression that counsel specifically discussed the confidentiality designation, the Court will take it as such and will find that Power satisfied its obligations pursuant to Fed. R. Civ. P. 37(a)(1), D. Kan. Rule 37.2, and this Court's orders. The Court also finds good cause to allow Defendant to bring this motion one day out of time.

## II.     Summary of the Parties' Arguments

Power asserts Plaintiff's confidential designation is untimely because it attaches to depositions taken eight and eleven months ago. Power also contends the designation of entire deposition transcripts is not sufficiently specific as required by the Protective Order. As to the exhibits, Power asserts that Plaintiff cannot deem confidential documents Power has produced. Finally, Power argues Plaintiff has waived any confidentiality by using the transcripts and exhibits in depositions with no claim of privilege, and that the transcripts have been reviewed and relied upon by both sides' experts without objection.

With respect to Power's specificity argument, Plaintiff attempts to narrow the designation by referring to the subject matter of portions of the transcripts he deems confidential. Plaintiff withdraws the designation of confidentiality with respect to documents Power produced, and

---

[3] ECF No. 407 at 3.

asserts no waiver occurred because the Protective Order allows disclosure of confidential material to expert and fact witnesses. And although Plaintiff has not filed a cross motion, Plaintiff asks the Court to impose conditions and order relief against Power.

## III. Legal Standard

Federal Rule of Civil Procedure 26 authorizes a court "for good cause" to issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[4] The Protective Order in this case explicitly directs that the burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.[5] When a party challenges such designation, the "good cause" standard of Rule 26(c) governs, and the party asserting confidentiality must make a particular showing for each document at issue of specific prejudice or hardship that will arise from its disclosure.[6]

## IV. The Documents Identified as Confidential

As limited in his response to the instant motion, Plaintiff seeks to designate as confidential the following parts of the Miller and Stovall transcripts:

> With regard to Mr. Miller's deposition, Plaintiff designates as confidential portions related to the incident on August 29, 2013 wherein Plaintiff was injured, as well as portions relating to the preconstruction meeting and notice given to Power and the utilities about Track installing guard structures under the energized line.

---

[4] Fed. R. Civ. P. 26(c)(1)(G).

[5] *See* ECF No. 60 ¶8.

[6] *Murnane v. Las Vegas Metro. Police Dep't,* No. 2:13-cv-01088, 2015 WL 5638224, at *2-3 (D. Nev. Sept. 24, 2015); *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C-06-1066, 2007 WL 4169628, at *1-2 (N.D. Cal. Nov. 20, 2007) ("Upon challenge, the designating party must justify each document by showing good cause and demonstrate that specific prejudice or harm will result if the . . . documents . . . are disclosed.").

With regard to Mr. Stovall's deposition, Plaintiff designates as confidential the portions of the deposition related to the incident on August 29, 2013 wherein Plaintiff was injured, as well as portions relating to the bidding process, warnings given to Power and the utilities about the risk of awarding Track the subcontract, and the communications from Defendants about safety concerns after Track was awarded the subcontract.[7]

### V.       Analysis

Because a protective order, agreed to by the parties, has been entered in this case, the Court begins by determining whether the documents in question fall within the definition of confidential information contained therein.   The relevant Protective Order language is as follows:

> **2. Definition of Confidential Information. . . .**  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:
>
> 1. The confidentiality of Plaintiff's medical records is protected by federal law but Plaintiff's counsel recognizes the need for production of the same with access limited to all counsel, and any consultants/experts who agree to be bound by the terms of the protective order. Counsel who wish to file any of Plaintiff's medical records with this Court shall move to file such documents under seal pursuant to Local Rule 5.4.6 unless Plaintiff's counsel agrees otherwise;
>
> 2. All financial statements of Defendants are confidential and will only be viewed by all counsel and any consultants/experts of the parties who agree to be bound by the terms of the protective order;
>
> 3. Plaintiff's financial information and tax returns;
>
> 4. Personnel files regarding Plaintiff;
>
> 5. Defendants' financial information;
>
> 6. Defendants' employee's personnel files;
>
> 7. Proprietary business records of all parties; and
>
> 8. Trade Secrets.
>
> **5. Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after

---

[7] ECF No. 399 at 5.

receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.[8]

As the language indicates, the parties agreed to limit their confidential designation to certain categories of documents. The deposition transcripts do not fall within the limitations agreed to by the parties. Accordingly, the Protective Order does not provide a basis for the Court to conclude that the deposition transcripts are entitled to the shield of confidentiality.

Although Power must articulate the basis for its challenge, Plaintiff bears the burden to prove a confidentiality designation is necessary for each document.[9] Yet in his lengthy response, Plaintiff does not explain why the deposition transcripts should be deemed confidential. Nor does he provide satisfactory responses to Power's remaining objections. The timing of Plaintiff's designation has everything to do with a threatened ancillary lawsuit by Power, and nothing to do with the need for Stovall's and Miller's testimony to be shielded from public disclosure. As for the sufficiency of Plaintiff's designation, his description of categories lacks specificity in that it contains no page or line numbers, but leaves to the reader the task of determining what it might include. Finally, Plaintiff's response on the issue of waiver—that the Protective Order permits witnesses to view confidential materials—ignores the proviso in the Protective Order that such persons must sign in advance an agreement to be bound to the claim of confidentiality. Plaintiff makes no representation that any fact or expert witness has signed such an agreement.

---

[8] Protective Order (ECF No. 60) at 2, 4.

[9] "A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Pursuant to Local Rule 37.1, such motion must be filed within thirty (30) days of the challenged confidential designation. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality." ECF No. 60 ¶8. The "good cause" provision of Rule 26(c) assigns the burden.

The Court will grant Power's motion and strike the confidential designations. The portions of the parties' submissions dealing with substance are appropriately quite short, as the law and the issues are straightforward and uncomplicated. Unfortunately, the parties' submissions once again devolve into personal attacks and inappropriate reprisals. Plaintiff responded to the motion with page after page detailing disputes between counsel and quoting emails and transcripts filled with insults and criticisms, which Power then replied to with protestations of unfairness over what it labels *ad hominem* attacks. Counsel do not do themselves or their clients any favor by such conduct. While during the course of this litigation this Court has all too frequently felt it necessary to remind counsel to act in a professional manner, it appears the relationship has only worsened. The Court reminds counsel that the December 11, 2015 Scheduling Order in this case contains the following directive:

> This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.[10]
>
> The Court directs counsel's particular attention to the following *Pillars*:
>
> With respect to opposing parties and counsel:
>
> 1.  Be courteous, respectful, and considerate. If the opposing counsel or party behaves unprofessionally, do not reciprocate.
>
> 4.  Strive to prevent animosity between opposing parties from infecting the relationship between counsel.
>
> 5.  Be willing and available to cooperate with opposing parties and counsel in order to attempt to settle disputes without the necessity of judicial involvement whenever possible.
>
> With respect to the profession and the public:

---

[10] Scheduling Order, ECF No. 62 at 13.

1. Be mindful that, as members of a self-governing profession, lawyers have an obligation to act in a way that does not adversely affect the profession or the system of justice.

8. In all your activities, act in a manner which, if publicized, would reflect well on the legal profession.[11]

The Court is disappointed that such extremely capable and highly accomplished counsel continue to allow unprofessional personal conflicts and attacks to overshadow the substantive legal and factual issues in this case. The Court implores counsel to focus on these issues and start conducting themselves in accordance with the Pillars of Professionalism.

**IT IS HEREBY ORDERED** that Defendant Power Constructors, Inc.'s Motion to File One Day Out of Time and to Strike Confidential Designation of Material by Plaintiff (ECF No. 383) is **GRANTED**. No portion of the deposition transcripts of witnesses James Stovall and Randal Miller, nor any exhibits to those depositions, are deemed confidential under the Protective Order (ECF No. 60) entered in this case.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[11] *Pillars of Professionalism*, found at *http://www.ksd.uscourts.gov/pillars-of-professionalism/* .