# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Michael Rowan,**

   **Plaintiff,**

                 Case No. 15-9227-JWL

**v.**

**Sunflower Electric Power Corporation and**
**Mid-Kansas Electric Company, LLC;**

   **Defendants.**

## MEMORANDUM & ORDER

On August 29, 2013, plaintiff sustained electrical injuries when he was installing a guard structure under an overhead power transmission line during a utility line construction project near Medicine Lodge, Kansas. At the time of his injury, plaintiff was employed by and performing work for his employer, Track Utilities, LLC ("Track"). Plaintiff asserted negligence claims against the owner of the transmission line, Mid-Kansas Electric Company, LLC ("Mid-Kansas"); the operator of the transmission line, Sunflower Electric Power Corporation ("Sunflower"); and the contractor responsible for the utility line construction project, Power Constructors, Inc. ("Power"). The court granted Power's motion for summary judgment after concluding that plaintiff's claims against Power were barred by the exclusive remedy provision of the Kansas Workers' Compensation Act. Plaintiff's claims against Sunflower and Mid-Kansas proceeded to trial.

On September 26, 2017, the jury returned its verdict.[1] As reflected on the special verdict form utilized in comparative fault cases, the jury attributed 23% of the fault to plaintiff; 15% of the fault to defendant Sunflower; 0% of the fault to defendant Mid-Kansas; 29% of the fault to Power Constructors, Inc; and 33% of the fault to Track Utilities LLC. The jury found that plaintiff had sustained the following damages:

| | |
|---|---|
| Medical expenses to date: | $182,382.59 |
| Future economic loss: | $3,000,000.00 |
| Noneconomic loss to date: | $750,000.00 |
| Future noneconomic loss: | $150,000.00 |
| Loss or impairment of services as spouse: | $0.00 |
| Total Damages: | $4,082,382.59 |

The jury did not award punitive damages. After the jury returned its verdict, the parties agreed to delay the entry of judgment pending Sunflower's motion to alter the verdict with regard to non-economic damages in accordance with K.S.A. § 60-19a02, which caps noneconomic damages at $250,000 in personal injury actions. Sunflower has now filed that motion and asks the court to reduce the jury's award for noneconomic loss to $250,000.00. Sunflower has not offered any suggestion as to how or when the court should apply the jury's comparative fault findings to the award for noneconomic loss. Thus, while it is not clear from Sunflower's motion because it has not provided any calculations as to the amount of the verdict under Sunflower's approach, it appears as though Sunflower is advocating a calculation under which the court would first reduce the $900,000 award for noneconomic loss to $250,000, and then reduce that

---

[1] At the close of the evidence, the court retained portions of two motions under advisement—plaintiff's Rule 50 motion as to Sunflower's statutory employer defense and Sunflower's Rule 50 motion as to punitive damages—and submitted those issues to the jury. The jury rejected Sunflower's statutory employer defense and rejected plaintiff's claim for punitive damages. To the extent those motions remained under advisement, they are now denied as moot.

award to reflect Sunflower's fault (*i.e.*, permit plaintiff to recover 15% of $250,000—or $37,500—in noneconomic loss).

Plaintiff opposes the motion on the grounds that K.S.A. § 60-19a02 is unconstitutional and, in any event, the court must first apply the jury's comparative fault findings and then apply the statutory cap. Like defendant, plaintiff has not performed any calculations for the court to fully understand his argument. Plaintiff's argument is somewhat confusing because if the court applies the comparative fault findings first, then the statutory cap does not come into play at all. Specifically, under plaintiff's approach, the court would first reduce the $900,000.00 award for noneconomic loss to reflect Sunflower's fault, for a total of $135,000.00 in noneconomic loss (15% of $900,000.00). Because plaintiff's total recovery for noneconomic loss would be less than the $250,000 statutory maximum, the court would not apply the cap. The court construes plaintiff's brief as advocating this methodology and it is clearly and unequivocally mandated by Kansas law. *See* K.S.A. § 60-19a02 (entry of judgment by the court "shall occur after consideration of comparative negligence principles"); *Gann v. Joeckel*, 20 Kan. App. 2d 136, 138 (1994) (under Kansas law, percentages of fault are deducted from the total damages prior to the application of the cap on damages).[2]

Sunflower concedes in its reply brief that the only "reasonable" approach and the one that is consistent with the statute is to apply the percentage of comparative fault first and then, if necessary, to reduce that award to the statutory cap. Under the court's construction of the parties' submissions, then, the parties agree on what the result here should be—that plaintiff

---

[2] Defendant construes plaintiff as advocating an approach under which plaintiff would recover the statutory maximum of $250,000 from Sunflower and that the comparative fault percentage would not be applied. The court does not read plaintiff's brief to suggest that approach.

3

recovers $135,000.00 in noneconomic loss from Sunflower (15% of $900,000.00) and that no "capping" of damages is necessary. Under that approach, the court need not address the constitutionality of the statutory cap.

In sum, the court denies Sunflower's motion to alter the verdict because that motion is based entirely on an application of the statutory cap. The court will, however, direct that judgment be entered in accordance with the jury's comparative fault findings as follows:

| | |
|---|---|
| Medical expenses to date: | $27,357.39 |
| Future economic loss: | $450,000.00 |
| Noneconomic loss to date: | $112,500.00 |
| Future noneconomic loss: | $22,500.00 |
| Loss or impairment of services as spouse: | $0.00 |
| Total Damages: | $612,357.39 |

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Sunflower's motion to alter the verdict (doc. 609) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court enter judgment in favor of plaintiff against Sunflower consistent with this order.

**IT IS SO ORDERED.**

Dated this 25th day of October, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge